■ HAXN HAUS OF NEW YORK, INC., Appellant, v A&M REALTY COMPANY, Defendant, and ALEX SCHMIDT et al., Respondents. [649 NYS2d 628] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting the motion of defendants Alex Schmidt and Mark Schmidt to dismiss the complaint against them on the ground that they have a defense founded upon documentary evidence (*see, CPLR 3211 [a] [1]*). On their motion to dismiss, the Schmidts submitted the lease entered into by plaintiff and defendant A&M Realty Company (A&M), in which plaintiff agreed that the individual partners of A&M, the Schmidts, would not be personally liable "by reason of any default which may occur in the performance of any of the terms of this Lease." Accepting the facts alleged in the complaint as true and according plaintiff the benefit of every possible favorable inference (*see, Leon v Martinez*, 84 NY2d 83, 87-88), we nevertheless conclude that none of the causes of action arises out of what may properly be regarded as a default in the performance of the lease. "[F]orcibly, wrongfully and illegally" locking out plaintiff, as alleged in the first cause of action, is not conduct that represents a default "in the performance of any of the terms of [the] lease." Such disturbance of a tenant's possession gives rise to liability against the landlord because it amounts not only to a breach of covenant but also to a tort or trespass (*see, 74 NY Jur 2d, Landlord and Tenant, § 250*). Nor is unlawfully preventing plaintiff from obtaining possession of its inventory, equipment and furniture, as al-

leged in the second cause of action, a "default" in performance. It is an independent wrong, a conversion, and such conversion is specifically alleged in the third cause of action. The fourth cause of action alleges in substance the tort of wrongful interference with prospective advantage, i.e., the opportunity to sublease the premises to a third person and to sell him plaintiff's inventory, equipment and furniture (*see, NBT Bancorp v Fleet/ Norstar Fin. Group,* 87 NY2d 614; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183). That tort is also independent of the lease or any of its terms.

The mere relationship of lessor and lessee does not insulate a lessor from liability for conduct not ordinarily associated with the lessor's obligations under a lease, such as providing access to utilities or performing repairs to the exterior walls or roof. The Schmidts may not shield themselves from potential liability with respect to the specific conduct alleged in the complaint any more than a landlord could if he assaulted a tenant during his occupancy by contending that such assault merely represented a default in the performance of the lease term providing for quiet enjoyment of the premises. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Dismiss Action.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.