■ In the Matter of ROBERT L. TATKO, Respondent, v CHARLES McCARTHY, Doing Business as McCARTHY FARM MACHINERY, Appellant, et al., Respondent. [699 NYS2d 509] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered April 12, 1999 in Washington County, which, in a combined proceeding pursuant to CPLR article 78 and an action for damages, denied respondent Charles McCarthy's motion to dismiss the petition.

In June 1994, respondent Charles McCarthy (hereinafter respondent), doing business as McCarthy Farm Machinery, obtained a judgment against Raymond Tatko which was entered, filed, docketed and properly indexed in the Washington County clerk's office. It is not disputed that by making monthly installment payments to respondent's counsel, John Winn, Tatko retired a portion of the debt. By a deed executed in December 1994, Tatko obtained a one-quarter interest in mineral rights on a tract of land. Petitioner, Tatko's brother, paid the sellers for this interest directly and thereafter Tatko executed a deed transferring the rights to petitioner.

In September 1998, respondent commenced a real property execution against the mineral rights. Before the Sheriff's sale could be held, petitioner commenced this proceeding seeking, among other things, cancellation of the sale. Respondent then moved to dismiss the proceeding for failure to state a claim for relief and because petitioner's counsel, Rosemary Macero of Boston, Massachusetts (admitted to practice in New York), assertedly was not qualified to do so as she did not maintain an office here (*see*, Judiciary Law § 470). Supreme Court denied the motion, prompting respondent's appeal. Petitioner represents, and it is not disputed, that a bond has been posted to

maintain the stay of foreclosure and to provide security for the judgment lien.

Viewing the facts in a light most favorable to petitioner (*see, Leon v Martinez*, 84 NY2d 83, 87-88), as we are required to do, we reject respondent's contention that Supreme Court erred in denying the motion to dismiss for failure to state a claim. Tatko's averment that it was agreed that he had satisfied the remainder of the judgment by constructing a driveway for respondent's counsel and in return respondent was to receive payment from counsel, is sufficient to raise an issue of fact concerning the viability of petitioner's claim that the judgment lien was paid in full. As a final matter, we are satisfied that Macero's establishment of an of counsel relationship with a New York attorney who has an office in this State was sufficient to meet the requirements of Judiciary Law § 470.

Mikoll, J. P., Mercure, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.