DARTNELL ENTERPRISES, INC., Appellant, v HEWLETT-PACKARD COMPANY (Individually and as Successor-in-Interest to COMPAQ COMPUTER CORPORATION), Respondent. [872 NYS2d 823]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 11, 2007. The order, insofar as appealed from, granted in part defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking dismissal of the first cause of action in its entirety and reinstating that cause of action in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a corporation with its principal place of business in New York, commenced this action alleging, inter alia, that defendant violated Massachusetts General Laws, chapter 93A, §§ 2 and 11, which prohibit intentionally deceptive conduct in commercial dealings. Plaintiff appeals from an order that granted in part defendant's motion seeking to dismiss the complaint. We agree with plaintiff that Supreme Court erred in granting that part of defendant's motion seeking dismissal of the first cause of action as time-barred to the extent that it alleges the violation of those Massachusetts statutes with respect to acts that occurred prior to March 10, 2002. We therefore modify the order by denying that part of defendant's motion in its entirety and reinstating that cause of action in its entirety.

Plaintiff and defendant's predecessor in interest, Digital Equipment Corporation (DEC), entered into an agreement in March 1998 (settlement agreement) in an effort to resolve disputes between them in connection with their contractual relationship, pursuant to which plaintiff distributed and resold computer equipment. The settlement agreement provided that it would be construed in accordance with the laws of the Commonwealth of Massachusetts. In 2001 plaintiff and DEC's successor in interest, Compaq Computer Corporation (Compaq), entered into an arbitration agreement providing that they would "arbitrate all claims or disputes associated with or arising out of the performance of the [settlement agreement]." The arbitration agreement provided that, "for the purposes of this arbitration only, [plaintiff] agrees not to assert . . . any claims based on allegations of bad faith." Following arbitration of disputes arising from the settlement agreement and its ancillary documents, the arbitration award was confirmed in federal district court. Plaintiff thereafter commenced this action asserting various causes of action relating to the bad faith of Compaq in connection with their contractual relationship and defendant, as successor in interest to Compaq, moved to dismiss the complaint. With respect to the second through fourth causes of action, we affirm the order on appeal for the reasons stated in the decision at Supreme Court.

We conclude with respect to the first cause of action, however, that the court erred in dismissing as time-barred that cause of action to the extent that it concerns acts that occurred prior to

March 10, 2002. According to the complaint in this action, plaintiff was unaware of defendant's alleged deceptive practices and bad faith dealings in connection with the settlement agreement until those acts were disclosed by defendant's representatives during the arbitration hearing in August 2002. Pursuant to Massachusetts law, the four-year statute of limitations applicable to a cause of action under chapter 93A is tolled until such time as the plaintiff knew or should have known of the deceptive acts or practices (*see International Mobiles Corp. v Corroon & Black/Fairfield & Ellis, Inc.*, 29 Mass App Ct 215, 220-221, 560 NE2d 122, 125-126 [1990]). Plaintiff commenced the action on March 10, 2006, more than four years after the alleged acts occurred and, in support of that part of its motion to dismiss the first cause of action as time-barred, defendant contended that it submitted documentary evidence pursuant to CPLR 3211 (a) (1) establishing its entitlement to that relief. "On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, defendant submitted only the complaint in this action, the amended complaint in the federal action, correspondence with the federal district court, and the order of that court confirming the arbitration award. We therefore conclude, based on the allegations of plaintiff in the complaint in this action, that defendant failed to submit documentary evidence conclusively establishing that the statute of limitations had not been tolled with respect to the first cause of action concerning acts committed before March 10, 2002. Present—Scudder, P.J., Centra, Fahey, Pine and Gorski, JJ.