■ Estate of Saul Spitz, Deceased, et al., Appellants, v Gary Pokoïk et al., Respondents, et al., Defendant. [910 NYS2d 67]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered June 24, 2009, which, insofar as appealed from, granted defendants' cross motion to dismiss plaintiffs' fourth cause of action, unanimously affirmed, with costs.

Affording the complaint a liberal construction, accepting the facts alleged therein as true, according plaintiff estate the benefit of every possible favorable inference, and determining that the facts alleged fit within a cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), dismissal of the fourth cause of action nonetheless was proper. Defendants' written offer stated that plaintiff's decedent Saul Spitz could manage the property "act[ing] alone or retain[ing] your own management company at your own expense." Even assuming that the phrase "your own management company" can be construed as "a management company," rather than a management company in which decedent had an ownership interest, decedent's purported acceptance designated an individual to manage the property rather than a management company. Thus, there was no valid acceptance of the offer and the breach of contract claim properly was dismissed. As decedent's estate seeks an accounting with respect to decedent's interest in the property elsewhere in the complaint, the dismissal of the fourth cause of action in its entirety causes no prejudice.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Andrias, J.P., McGuire, Moskowitz, Freedman and Román, JJ.