■ SALVATORE IMBURGIO et al., Appellants, v GLENN TOBY et al., Defendants, and WACHOVIA SECURITIES, LLC, Respondent. [920 NYS2d 43]—

Plaintiffs failed to allege facts that, even with "the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see People v Coventry First LLC*, 13 NY3d 108, 115 [2009]), would impute liability to defendant Wachovia for the conduct of its employee. While plaintiffs asserted that defendant's employee was vested with apparent authority based upon the employee's representations concerning the transactions at issue, such authority may arise only from the conduct of the principal, not the agent (*see Parlato v Equitable Life Assur. Socy. of U.S.*, 299 AD2d 108, 112 [2002], *lv denied* 99 NY2d 508 [2003]). Nor was there any basis for a claim against Wachovia based on respondeat superior. Plaintiffs failed to allege that the employee's car customizing venture was in furtherance of securities dealer Wachovia's business and within the scope of the employee's employment as a registered representative (*see id.* at 113-114).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Catterson, Acosta and Manzanet-Daniels, JJ.