■ UNDERGROUND UTILITIES INC., Appellant, v JP MORGAN CHASE BANK, N.A., Respondent. [48 NYS3d 140]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered January 29, 2016, which, in this action alleging breach of fiduciary duty, granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.

The Custodial Service Agreement submitted with the motion to dismiss "flatly rejected" plaintiff's allegations, and thus dismissal was warranted (*Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc.*, 115 AD3d 128, 135 [1st Dept 2014]; *see also Leon v Martinez*, 84 NY2d 83, 88 [1994]; CPLR 3211 [a] [1]). The Custodial Service Agreement reflects that defendant owed no fiduciary or other obligation to plaintiff, who was a mere depositor and recipient of periodic bank statements on the accounts. The sole account holder and party with rights under the Custodial Service Agreement was nonparty City of

New York, which had the unfettered right to withdraw funds from the accounts on demand.

Plaintiff's various arguments that the Custodial Service Agreement did not apply to the accounts at issue are not persuasive, most notably because the Custodial Service Agreement expressly provides that it "supersedes all prior negotiations and [a]greements." The relevant withdrawals from the accounts were made in 2012, a time when the Custodial Service Agreement clearly governed. We also reject plaintiff's argument that the Custodial Service Agreement did not apply to the relevant accounts because plaintiff did not sign it or have notice of it. There is no requirement that a depositor or recipient of account statements must execute or have notice of an agreement that a bank has with the account's owner.

We have considered plaintiff's remaining contentions, and find them unavailing. Concur—Andrias, J.P., Feinman, Gische and Gesmer, JJ.