OPINION OF THE COURT
 

 Levine, J.
 

 Plaintiffs brought this action against defendant Wilfredo Martinez and his attorneys to enforce plaintiffs’ claim of entitlement to a portion of the proceeds of the settlement of a personal injury action by Martinez against the Hertz Corporation. The complaint alleges that, before the settlement of
 
 Martinez v Hertz Corp.,
 
 at the request of plaintiffs and in consideration for plaintiffs’ care of Martinez following his accident, defendant attorney Ira Futterman drafted an agreement between plaintiffs and Martinez which Martinez executed. The agreement, annexed to the complaint, provided as follows:
 

 "(1) I give to Gina Leon 5% of any recovery that I may get after deducting all disbursements, ex-pensesand attorney’s fees from the case of wilfredo MARTINEZ V. HERTZ CORPORATION.
 

 
 *87
 
 "(2) I give to Xavier Leon 5% of any recovery that I may get after deducting all disbursements, expenses and attorney’s fees from the case of wil-
 

 FREDO MARTINEZ V. HERTZ CORPORATION.
 

 "(3) I give to Maria Macia 15% of any recovery that I may get after deducting all disbursements, expenses and attorney’s fees from the case of wil-
 

 FREDO MARTINEZ V. HERTZ CORPORATION.”
 

 Plaintiffs alleged that the agreement constituted a "lien” upon the proceeds of the settlement. The complaint further alleged that, contrary to the agreement, when the personal injury action was settled, defendant Futterman disbursed the entire net proceeds to Martinez and in doing so had a conflict of interest and was guilty of professional misconduct.
 

 Defendants Futterman and the law firm Pearlman, Apat & Futterman moved to dismiss the complaint as against them pursuant to CPLR 3211 (a) (1) as barred by documentary evidence (i.e., the agreement between plaintiffs and Martinez) and CPLR 3211 (a) (7) for failure to state a cause of action. Plaintiffs submitted an affidavit in opposition describing in greater detail the services rendered by them to Martinez, the circumstances under which Futterman was requested to prepare the agreement, and their ongoing professional relationship with Futterman and his firm.
 

 Supreme Court granted defendants’ motion under CPLR 3211 (a) (1), concluding that Futterman’s preparation of the agreement did not create liability on the part of him and his law firm for Martinez’s failure to honor it. Plaintiffs appealed and the Appellate Division reversed, with one Justice dissenting (193 AD2d 788). The Court held that where attorneys have notice of an assignment of a portion of their client’s recovery, they may be held liable to the assignees for paying out that recovery in disregard of the assignment. The Appellate Division granted the defendants’ motion for leave to appeal to this Court and certified the following question: "Was the decision and order of this court dated May 24, 1993, properly made?” We now affirm.
 

 On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction
 
 (see,
 
 CPLR 3026). We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit
 
 *88
 
 within any cognizable legal theory
 
 (Morone v Morone,
 
 50 NY2d 481, 484;
 
 Rovello v Orofino Realty Co.,
 
 40 NY2d 633, 634). Under CPLR 3211 (a) (1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law
 
 (see, e.g., Heaney v Purdy,
 
 29 NY2d 157). In assessing a motion under CPLR 3211 (a) (7), however, a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint
 
 (Rovello v Orofino Realty Co., supra,
 
 at 635) and "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one”
 
 (Guggenheimer v Ginzburg,
 
 43 NY2d 268, 275;
 
 Rovello v Orofino Realty Co., supra,
 
 at 636). In light of these principles, we agree with the majority at the Appellate Division that the instant complaint and supporting affidavit, although inartfully drafted, adequately alleged for pleading survival purposes that the instrument prepared by Futterman was intended by all parties to effectuate a present assignment to plaintiffs of interests in the future settlement.
 

 No particular words are necessary to effect an assignment; it is only required that there be a perfected transaction between the assignor and assignee, intended by those parties to vest in the assignee a present right in the things assigned
 
 (see,
 
 4 Corbin, Contracts § 879, at 528 [1951];
 
 Hinkle Iron Co. v Kohn,
 
 229 NY 179, 182-183;
 
 Coastal Commercial Corp. v Kosojf & Sons,
 
 10 AD2d 372, 376).
 
 [1]
 
 Thus, Professor Corbin illustrates, in a contingent fee arrangement between attorney and client, there is a difference in legal effect between the words " T will pay you a fee equal to one third of the amount collected from the defendant’ ” and the words " T now
 
 give
 
 you a one third interest in the claim as your fee’ ” or " 'You are
 
 entitled
 
 to one third of any amount that may be collected as your fee’ ” (4 Corbin, Contracts § 879, at 530 [emphasis supplied]). In the latter cases, Professor Corbin concludes, "the transaction seems to be an assignment and not a mere promise”
 
 (id.,
 
 at 530). In accordance with these principles, in
 
 Speelman v Pascal
 
 (10 NY2d 313, 316,
 
 supra),
 
 we held that a document stating
 
 "I give
 
 you from my shares of profits * * * five per cent (5%) in England, and two per cent (2%) of my shares of profits in the United States” constituted a present
 
 *89
 
 assignment of the specified shares of future royalties to be received by the assignor (emphasis supplied).
 
 [2]
 
 Thus, although there are other inconsistent phrases in the instrument executed by Martinez, the words "I give” in the instrument are sufficient to withstand a pleadings challenge as to whether the parties intended to effect a present transfer of the specified percentages of the personal injury recovery to plaintiffs.
 

 Assuming that an enforceable assignment of the funds is proven, Futterman unquestionably had notice of the agreement he drafted and of the parties’ objectives in entering into that agreement. Accordingly, the allegation that Futterman paid the entirety of the funds to Martinez in disregard of the agreement is sufficient to state a cause of action
 
 (see, Sims v Brown,
 
 6 Thomp & C 5,
 
 affd
 
 64 NY 660;
 
 Brinkman v Moskowitz,
 
 38 Misc 2d 950 [App Term, 2d Dept];
 
 cf., Matter of Kelly,
 
 23 NY2d 368, 382;
 
 see also, Tri City Roofers v Northeastern Indus. Park,
 
 61 NY2d 779, 780-781;
 
 Continental Purch. Co. v Van Raalte Co.,
 
 251 App Div 151, 152). We of course express no opinion as to whether an enforceable assignment of the funds and its derivative claim against defendants will ultimately be established; we conclude only that there are sufficient allegations in the complaint and supporting affidavit to withstand defendants’ motion to dismiss.
 

 We reject the law firm defendants’ argument that compliance with the alleged assignment would have required them to violate their ethical duties to their client Martinez under Code of Professional Responsibility DR 9-102. Even if the sole attorney-client relationship that existed here was between defendants and Martinez
 
 (but see, infra,
 
 at 90), we conclude that defendants’ argument fails for two reasons. First, the cited Disciplinary Rule mandates only that an attorney pay to the client those funds in the possession of the attorney "which the client * * * is
 
 entitled to receive”
 
 (Code of Professional Responsibility DR 9-102 [C] [4] [emphasis supplied]), which is not the case to the extent that the client has conveyed a right to those funds by an enforceable assignment.
 
 *90
 
 Second, DR 9-102 explicitly creates ethical duties running to third parties as to funds in the possession of the attorney to which those third parties are entitled
 
 (see,
 
 DR 9-102 [C] [1], [2]). Assuming an enforceable assignment by Martinez to plaintiffs is proven, upon execution of that assignment, Martinez’s interest in that portion of the recovery vested in the plaintiffs as assignees, and Futterman was then ethically obligated not only to notify the plaintiffs upon his receipt of the funds (DR 9-102 [C] [1]) but also to pay the funds to plaintiffs as the persons then entitled to receive them (DR 9-102 [C] [4]). We hold, therefore, that under the circumstances alleged here, DR 9-102 does not preclude this cause of action.
 

 Moreover, we conclude that the averments of the complaint and its supporting affidavit are sufficient, if believed, to support an inference of an attorney-client relationship between plaintiffs and the law firm defendants in the drafting of the agreement
 
 (see, Matter of Priest v Hennessy,
 
 51 NY2d 62, 68-69), and that those defendants committed either legal malpractice or breached fiduciary obligations in drafting the instrument or by remitting the entire settlement proceeds to Martinez. The complaint alleges that Futterman was requested by both Martinez and plaintiffs to prepare the instrument. The affidavit of plaintiff Xavier Leon avers that the firm had previously represented the plaintiffs in unrelated matters, that Futterman "advised [plaintiffs] to obtain an affidavit in writing” from Martinez, that Futterman discussed the matter with both Martinez and plaintiffs before consenting to draft the agreement, that the firm continued to represent plaintiffs subsequent to Martinez’s execution of the agreement, and that "[Pearlman, Apat & Futterman] were Wilfredo Martinez’s attorneys and they were our attorneys”. Whether or not such a relationship and the claims derived therefrom are ultimately proven, we conclude that these allegations are also sufficient to withstand a motion to dismiss.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order affirmed, etc.
 

 [1]
 

 . An assignment may properly relate to a future or conditional right which is adequately identified, such as the personal injury action recovery here
 
 (Speelman v Pascal,
 
 10 NY2d 313, 318-319;
 
 see also,
 
 4 Corbin, Contracts § 874; Restatement [Second] of Contracts §§ 320, 321).
 

 [2]
 

 . See also
 
 Fairbanks v Sargent
 
 (104 NY 108, 113) where this Court found a present assignment in the words of an instrument providing that a party "is to have one-sixth of whatever amount of money, securities, or property shall be received on account of such claims as shall be settled without suit, and one-third of whatever amount of money, securities or property shall be collected, or in any way be realized or received (whether on settlement or without settlement), on account of such of said claims as shall be put in suit”.