■ HOWARD CITRON, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [641 NYS2d 569] —In an action to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 2, 1995, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

It is well settled that, on a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all the facts alleged in the complaint to be true and according the plaintiff the benefit of every possible favorable inference (*see, Leon v Martinez*, 84 NY2d 83, 87).

This case arises out of the defendant's processing of the plaintiff's claim for no-fault insurance benefits. The plaintiff contends that, in processing the claim, the defendant engaged in a course of conduct that intentionally inflicted emotional distress upon him.

We agree with Supreme Court that the alleged conduct does not state a cause of action for the intentional infliction of emotional distress. While some of the conduct complained of is questionable and may be inappropriate, it is not " 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303, quoting Restatement [Second] of Torts, § 46, comment *d*; *see also, Howell v New York Post Co.*, 81 NY2d 115; *Freihofer v Hearst Corp.*, 65 NY2d 135). Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.