■ MEDICAL ASSETS LLC et al., Respondents, v BRAVEHEART, INC., et al., Defendants, and EMMETT A. LARKIN COMPANY, INC., Appellant. [767 NYS2d 621]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about November 14, 2002, which, to the extent appealed from as limited by the brief, denied, in part, that branch of the motion of defendant-appellant Emmett A. Larkin Company, Inc. seeking dismissal of the complaint as against it pursuant to CPLR 3211, unanimously affirmed, with costs.

Bearing in mind that in the context of a motion to dismiss pursuant to CPLR 3211, the pleading is to be liberally construed, and that the plaintiff is to be accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), plaintiffs have sufficiently alleged causes of action against appellant for breach of contract, negligence and replevin. Contrary to appellant's argument, a clearinghouse broker is not immunized from liability to customers of the introducing broker for negligence or other misconduct in the discharge of its clearing functions (see In re Lloyds Sec., Inc., 1992 WL 318588, 1992 Bankr LEXIS 1706 [Bankr ED Pa, Oct. 29, 1992]; and see generally Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579 [1994]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe and Ellerin, JJ.