■ JAMES FUCHS et al., Appellants, v WACHOVIA MORTGAGE CORPORATION, Respondent. [838 NYS2d 148]—

In a putative class action, inter alia, to recover damages for violation of Judiciary Law §§ 478, 484, and 495 (3) and General Business Law § 349, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Austin, J.), entered November 18, 2005, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

James Fuchs and Christine Fuchs (hereinafter the plaintiffs)

obtained a mortgage loan from the defendant in July 2003. The settlement charges paid by the plaintiffs included a $100 document preparation fee. Thereafter, the plaintiffs commenced the instant action on behalf of themselves, and all others similarly situated, alleging that the defendant's receipt of the document preparation fee violated Judiciary Law §§ 478, 484, and 495 (3), and constituted a deceptive practice under General Business Law § 349.

In connection with the defendant's business of making loans secured by mortgages, the defendant's employees completed certain blank lines contained in a standard "Fannie Mae/Freddie Mac Uniform Instrument." It was acknowledged upon the argument of this appeal that the factual information written into the form by the defendant's employees was limited to the name and address of the borrower, the date of the loan, and the terms of the loan, including the principal amount loaned, the interest rate, and the monthly payment.

The plaintiffs, who were represented at the closing by their own attorney, do not allege that they sought or received any advice or opinion from the defendant regarding the mortgage transaction. Their complaint is premised solely on the assertion that the receipt of a document preparation fee by the defendant is an act prohibited by the Judiciary Law.

Giving the allegations of the complaint the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]), we agree with the Supreme Court that the complaint fails to state a cause of action (*see* CPLR 3211 [a] [7]). The charging of a fee and the preparation of the documents in this case did not transform the defendant's actions into the unauthorized practice of law.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.