Order, Supreme Court, New York County (Geoffrey D. Wright, *433 J.), entered April 17, 2012, which granted defendant New York City Department of Housing Preservation and Development’s (HPD) motion to dismiss the complaint, unanimously affirmed, without costs.
In her complaint, plaintiff, a recipient of an enhanced Section 8 voucher issued by defendant HPD, asserts that HPD has failed to enforce federal regulations applicable to the Section 8 program, by failing to grant her request to be moved from her studio apartment to a renovated one-bedroom apartment in the same building or complex, and by allowing her apartment to become “uninhabitable and not representative of the ‘luxury’ housing [in her complex].”
Even when affording the pleading a liberal construction and accepting the facts as alleged in the pleading to be true (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), plaintiff has failed to state a cause of action. Indeed, the owner of the premises, not HPD, is responsible for performing “ordinary and extraordinary maintenance” (24 CFR 982.452 [b] [2]). Although HPD has the authority to terminate a housing assistance payment contract when the owner fails to maintain the dwelling unit in accordance with housing quality standards (HQS) (see 24 CFR 982.404 [a] [2]), thereby allowing a tenant to move to a new unit with continued assistance (see 24 CFR 982.314 [b] [1] [i]), plaintiff has not plead facts showing that the owner failed to maintain her unit in accordance with the HQS (see 24 CFR 982.401). Moreover, plaintiff does not have the right to assert a claim against HPD for an alleged failure to enforce the HQS (see 24 CFR 982.406).
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Manzanet-Daniels and Gische, JJ.