■ ANDERSON & ANDERSON, LLP-GUANGZHOU, et al., Appellants, et al., Plantiff, v NORTH AMERICAN FOREIGN TRADE CORP., Respondent. [965 NYS2d 417]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered February 14, 2012, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the breach of contract cause of action pursuant to CPLR 3211 (a) (1) and (7), unanimously reversed, on the law, with costs, and the motion denied.

Plaintiffs, law firms, sue to recover contingency fees allegedly due under written retainer agreements dated December 29, 2005 and June 24, 2009. Plaintiffs were retained under both agreements to enforce an arbitration award in the courts of the People's Republic of China. The retainer agreements provided for the payment of plaintiffs' fees out of the judgment creditor's assets that were to be obtained and reduced to cash. The entire premise of the motion to dismiss is that plaintiffs are relegated to recovery in quantum meruit because they were supposedly discharged by defendant, their client. Defendant bases its claim of discharge upon plaintiffs' knowledge of an October 2010 transaction by which defendant, through additional counsel, sold its rights under the arbitration award and released its lien

on the judgment creditor's assets in exchange for cash. In granting the motion, the court adopted defendant's argument that the retainer agreement lost its purpose and plaintiffs' services were no longer needed once the sale was effected. We reverse.

Although no particular formality is required, the discharge of an attorney is effected by "[a]ny act of the client indicating an unmistakable purpose to sever relations" (*see Costello v Bruskin*, 58 AD2d 573, 574 [2d Dept 1977]). The motion should not have been granted because the amended complaint and the documents attached to it set forth no facts from which an unmistakable purpose to sever the attorney-client relationship can be discerned. Defendant proffers nothing to refute the complaint's assertion that defendant sold its rights under the arbitration award through *additional* (but not substituted) counsel. A motion to dismiss for failure to state a cause of action "must be denied if from the pleadings' four corners 'factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]).

Moreover, although it expired on December 31, 2009, the 2009 retainer agreement provided for the payment of the agreed upon contingency fee if a judgment granting enforcement of the arbitral decision was issued by the Chinese court prior to the expiration date. It is undisputed that a copy of such a judgment issued by the Shenzhen Intermediate People's Court on November 3, 2009 is annexed to the complaint. Based on the foregoing, defendant has not demonstrated that documentary evidence conclusively establishes a defense to plaintiffs' contract cause of action as a matter of law (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Concur—Andrias, J.P., Saxe, DeGrasse and Feinman, JJ.