■ COLDWELL BANKER COMMERCIAL HUNTER REALTY, Respondent, v RAINBOW HOLDING COMPANY LLC, Appellant, et al., Defendant. [990 NYS2d 21]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 3, 2013, which, to the extent appealed from, denied defendant's motion to dismiss the first and third causes of action, unanimously modified, on the law, to grant the motion to the extent of dismissing the third cause of action, and otherwise affirmed, without costs.

Plaintiff, seeking to recover a real estate brokerage fee, alleges that, although it performed under the parties' agreement by procuring ready, willing and able buyers interested in purchasing the property within the three month exclusive period, the corporate defendant breached the agreement by benefitting from those services, yet failing to pay the commission earned (*see Noise In The Attic Prods., Inc. v London Records*, 10 AD3d 303, 306 [1st Dept 2004]). Plaintiff further alleged, "Through their surreptitious acts, Defendants breached the implied covenant of good faith and fair dealing." Taking these allegations as true, and recognizing that plaintiff, at this juncture, is not required to prove its allegations, the question is whether the facts fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, the four corners of the complaint state a cause of action for breach of contract and the implied covenant of good faith and fair dealing (*see Forman v Guardian Life Ins. Co. of Am.*, 76 AD3d 886, 888 [1st Dept 2010]).

Specifically, plaintiff alleged that the corporate defendant reaped the benefit of its brokerage services for the sole purpose of eliciting a better deal with a third party, without any intention of paying a commission to Coldwell. During the course of

the three month exclusive arrangement, plaintiff alleged that it worked diligently to obtain three interested buyers that were ready, willing and able to close at an acceptable purchase price, but that the defendant property owner defeated plaintiff's reasonable expectations by refusing to provide information needed by prospective buyers, allowing its principal with decision-making authority to make himself unavailable during most of the relevant period, and otherwise failing to cooperate with plaintiff's performance. Accordingly, the motion court properly sustained plaintiff's first cause of action.

We modify, however, to dismiss the third cause of action, for unjust enrichment, on the ground that it is undisputed that the parties had entered into a valid and enforceable written agreement and, therefore, plaintiff's entitlement to relief, if any, must spring from that contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382 [1987]). Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.