128 Second Realty LLC and Stellar 128 Second LLC, Petitioners-Landlords-Appellants, 
against
Chris Dobrowolski a/k/a Christopher Dobrowolski, Respondent-Tenant-Cross-Appellant, - and - John Doe and Jane Doe, Respondents.



Landlords, as limited by their briefs, appeal from that portion of an order of the Civil Court of the City of New York, New York County (Maria Milin, J.), dated August 5, 2015, which denied their motion for discovery and inspection in a holdover summary proceeding. Tenant, as limited by his briefs, cross appeals from those portions of the aforesaid order which denied his cross motion to dismiss the petition and strike landlord's demand for fair market value use and occupancy, and granted landlords' motion to strike his first and third objections in point of law, and his first and third affirmative defenses.




Per Curiam.
Order (Maria Milin, J.), dated August 5, 2015, insofar as appealed from, modified to grant tenant's motion to dismiss the petition; as modified, order affirmed, without costs.
We acknowledge that on a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction, its allegations are accepted as true, landlords are accorded the benefit of every possible favorable inference and the court determines "only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Nevertheless, we find that landlords' vague and conclusory allegations and expression of hope that discovery, if and when conducted, might provide some factual support for their causes of action under Rent Stabilization Code [9 NYCRR] §§ 2524.3(c) and 2524.3(d), provide an insufficient basis for failing to dismiss a patently defective holdover petition. In this regard, we note the absence of any specific factual allegations which would support landlords' claims that [*2]tenant is utilizing the stabilized apartment as an "unlawful hotel" or causing the apartment to be utilized on a "transient basis" in violation of the law.
In view of the foregoing, we need not address the parties' remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.


I concur I concur I concur
Martin Shulman, J. (concurring)
I join my colleagues in voting to modify the order under review to grant tenant's motion to dismiss the underlying holdover petition (CPLR 3211[a][7]), because it failed to plead facts to state a cause of action that tenant was allegedly operating an illegal transient hotel out of his rent stabilized apartment. To defeat tenant's dismissal motion, landlord exclusively rested on an investigator's photographs depicting eight different individuals entering and/or exiting tenant's apartment with overnight bags and luggage from February to June 2014 while tenant was admittedly away which inferentially suggested short term rentals were taking place in violation of tenant's lease and various laws. As gleaned from the record, landlord anticipated future discovery would help him factually fill in the missing pieces, namely, the identity of the depicted visitor-licensees, short term rental agreements, the rental sums paid in excess of tenant's stabilized monthly rent, tenant's other residence, if any, and any other relevant information to support a commercial exploitation and profiteering claim. 
At first blush, the unchallenged photographs eliminated tenant's contention that this proceeding was a frivolous one. Nonetheless, this decision's message makes clear that a more thorough facts-investigation should be undertaken before starting this nuisance-type eviction proceeding, especially when the law allows free, short term "house-sitting" stays (see MDL § 4[8][a](1)[B]) when a record tenant is away for legitimate personal reasons (e.g., vacation, business trip, medical treatment, etc.). That said, we must also be mindful of the heightened fire, building security and life safety concerns associated with profiteering, short term rentals in New York City. This popular income-producing trend being adopted by New York City residential apartment tenants in violation of various laws, which potentially threaten the lives of their co-tenants and the security of their buildings where these illegal, de facto hotel operations are being carried out. If the facts are proven in an appropriate case, there will be zero-tolerance for this illegal activity and the culpable tenant will deservedly forfeit any right to continued possession of the stabilized apartment (see 42nd and 10th Associates, LLC v Izeki, 50 Misc 3d 130[A], 2015 Slip Op 51015[U] [App Term 1st Dept. 2015]).
Decision Date: May 17, 2016