■ FAY DA REALTY CORP., Respondent, v PEERLESS INSURANCE COMPANY et al., Appellants. [33 NYS3d 450]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated August 4, 2015, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were to dismiss so much of the complaint as sought to recover punitive damages and attorneys' fees, respectively, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff seeks to recover damages against the defendants for their refusal to provide coverage and a defense under the terms of a commercial general liability insurance policy issued by the defendant Peerless Insurance Company on December 17, 2009.

The plaintiff alleges that on November 7, 2014, its president, Kellen Chow, first learned that a money judgment in the principal amount of $101,180 had been entered on September 5, 2013, against the plaintiff on its default, in favor of an individual named Ana Velastegui. When the plaintiff's attorneys contacted Velastegui's attorney, they learned that Velastegui had allegedly sustained personal injuries on January 9, 2010, when she slipped and fell on a sidewalk in front of a commercial property owned by the plaintiff.

On November 10, 2014, three days after first learning of the underlying action, the plaintiff notified its insurance agent of the judgment. The agent, in turn, notified the defendants, who subsequently denied coverage and disclaimed any duty to defend or indemnify the plaintiff. After paying a sum that

Velastegui's attorney agreed would constitute full satisfaction of the judgment, the plaintiff commenced this action against the defendants alleging, inter alia, breach of the insurance contract.

In their pre-answer motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, the defendants argued that the plaintiff's submission of a notice of claim after entry of the default judgment in the underlying action was inherently prejudicial and, therefore, justified the defendants' denial of coverage. The Supreme Court held that the defendants' purported showing of prejudice was insufficient, without more, to warrant dismissal of the complaint.

In order to deny coverage based on a late notice of claim, it is axiomatic that the defendants must first show that the plaintiff failed to give notice "required to be given by such policy within the time prescribed therein" (Insurance Law § 3420 [a] [5]). Here, the facts alleged in the complaint—which, for purpose of a motion pursuant to CPLR 3211 (a) (7) must be deemed to be true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994])—state that the plaintiff had no knowledge of the underlying action, or the resulting default judgment, until November 7, 2014. The defendants did not produce a copy of the subject policy, and made no attempt to show that the plaintiff's conduct, as alleged in the complaint, was in breach of the notice requirements of the policy. As the defendants failed to make this threshold showing, the Supreme Court properly denied that branch of their motion which was to dismiss the complaint based on the plaintiff's allegedly late notice of claim.

On appeal, the plaintiff correctly concedes that it is not entitled to recover punitive damages or attorneys' fees under the facts alleged in the complaint (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308 [1995]; *Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603 [1994]) and that those portions of its second cause of action and ad damnum clause should have been dismissed. Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.