Unitrin Advantage Ins. Co. v 21st Century Pharmacy, Inc. (2018 NY Slip Op 03438)





Unitrin Advantage Ins. Co. v 21st Century Pharmacy, Inc.


2018 NY Slip Op 03438


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6511 155860/16

[*1]Unitrin Advantage Insurance Company, Plaintiff-Respondent,
v
21st Century Pharmacy, Inc., et al., Defendants, Innovative Health Chiropractic, P.C., et al., Defendants-Appellants.


The Law Office of Gregory A. Goodman, P.C., Jericho (Gregory A. Goodman of counsel), for appellants.
Rubin, Fiorella & Friedman LLP, New York (Harlan R. Schreiber of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered March 9, 2017, which, to the extent appealed from, denied defendants Innovative Health Chiropractic, P.C. and Kazu Acupuncture, P.C.'s motion pursuant to CPLR 3211(a)(7) to dismiss the first through fourth causes of action as against them, unanimously affirmed, with costs.
Supreme Court correctly decided the motion brought by defendants, i.e., to dismiss for failure to state a cause of action (CPLR 3211[a][7]; see Leon v Martinez , 84 NY2d 83, 87-88 [1994]). On appeal, defendants rely on the standard for deciding
a motion for summary judgment (CPLR 3212) and improperly attempt to shift their burden as movants onto plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK