Keshin v Montauk Homes, LLC (2018 NY Slip Op 04316)





Keshin v Montauk Homes, LLC


2018 NY Slip Op 04316


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-12102
 (Index No. 604672/16)

[*1]Eric Keshin, et al., appellants, 
v
Montauk Homes, LLC, et al., defendants, 280 Eastlake Drive, LLC, et al., respondents.


Tarbet & Lester, PLLC, East Hampton, NY (Brian J. Lester of counsel), for appellants.
Matthews, Kirst & Cooley, PLLC, East Hampton, NY (Brian E. Matthews of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 1, 2016. The order, insofar as appealed from, granted the cross motion of the defendants 280 Eastlake Drive, LLC, Eastlake Drive, LLC, and Capstack Partners, LLC, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 12, 2014, the plaintiffs entered into a contract of sale with the defendant 280 Eastlake Drive, LLC, to purchase a vacant lot located at 280 East Lake Drive in Montauk for $1,650,000. The contract provided that "[a]ll prior understandings, agreements, representations and warranties, oral or written, between Seller and Purchaser are merged in this contract." The contract further provided that the acceptance of the deed by the plaintiffs "shall be deemed to constitute full performance of every agreement and obligation of the Seller and no agreement, representation or warranty shall survive delivery of the Deed unless such survival is specified in writing." The deed was delivered on February 27, 2015.
On March 19, 2015, the plaintiff Eric Keshin and the defendant Montauk Homes, LLC (hereinafter Montauk Homes), entered into a separate contract for construction of a house and appurtenances on the property, for approximately $1,400,000. The contract provided for a completion date of August 31, 2015. The plaintiffs alleged that they paid Montauk Homes the sum of $750,000, but Montauk Homes failed to pay the suppliers of materials, and never completed the work.
In March 2016, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract. They named as defendants Montauk Homes and the Estate of Kenneth Yerves, the late principal of Montauk Homes. The plaintiffs also named as defendants 280 Eastlake [*2]Drive, LLC, and the members of 280 Eastlake Drive, LLC—the defendants Capstack Partners, LLC, and Eastlake Drive, LLC (hereinafter collectively the 280 Eastlake Drive defendants). The complaint alleged that the vacant lot was marketed to the public as a "package deal with a house to be built." The complaint alleged three causes of action: (1) a cause of action against Montauk Homes to recover damages for breach of contract, (2) a cause of action against the Estate of Kenneth Yerves to recover damages for diversion to him and to Montauk Homes of payments the plaintiffs made for subcontractors and materials, and (3) a cause of action against the 280 Eastlake Drive defendants to recover damages pursuant to General Business Law § 349 for "deceptive trade practices aimed at consumers," by marketing the sale of the land and building of the house as a "package deal."
In an order dated November 1, 2016, the Supreme Court, inter alia, granted the 280 Eastlake Drive defendants' cross motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. The plaintiffs appeal.
A complaint may only be dismissed pursuant to CPLR 3211(a)(1) if the documentary evidence submitted in support of the motion utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the asserted claims as a matter of law. Here, the contract for the sale of the real property did not conclusively establish a defense as a matter of law, since a cause of action pursuant to General Business Law § 349 was not barred by the provisions of that contract (see Gaidon v Guardian Life Ins. Co. of Am., 94 NY2d 330, 345).
On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the complaint must be liberally construed, and the courts must provide a plaintiff with every favorable inference (see Carlson v American Intl. Group, Inc., 30 NY3d 288, 297-298, citing Leon v Martinez, 84 NY2d 83, 87). In examining that issue, the court "may freely consider affidavits submitted . . . to remedy any defects in the complaint and the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Leon v Martinez, 84 NY2d at 88 [citation and internal quotation marks omitted]).
General Business Law § 349(a) provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." That provision " does not grant a private remedy for every improper or illegal business practice, but only for conduct that tends to deceive consumers'" in the consuming public at large (Carlson v American Intl. Group, Inc., 30 NY3d at 309, quoting Schlessinger v Valspar Corp., 21 NY3d 166, 172; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 321).
Here, the complaint did not state a cause of action to recover damages pursuant to General Business Law § 349 against the 280 Eastlake Drive defendants. The complaint primarily alleged that Montauk Homes failed to comply with its contractual obligations, and only alleged in conclusory terms that the 280 Eastlake Drive defendants engaged in deceptive trade practices. In addition, the plaintiffs acknowledged in an affirmation submitted in opposition to the cross motion that they were not alleging that the 280 Eastlake Drive defendants committed fraud. The plaintiffs submitted evidence in opposition to the cross motion in support of their contention that the defendants divided the transaction into separate contracts in an attempt to avoid real estate transfer taxes. However, if such was the case, the plaintiffs were well aware of such a scheme, since they were aware of how the transaction was structured when they signed the contracts with the benefit of counsel, and they should have known whether the applicable transfer taxes had been paid. Further, this was a stand-alone transaction involving a single property, not part of a multi-unit development. Therefore, this was a private contract dispute not involving consumers at large.
The plaintiffs' remaining contentions are without merit or need not be addressed in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant the cross motion of the 280 Eastlake Drive defendants pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court