CSC Holdings, LLC v Samsung Elecs. Am., Inc. (2021 NY Slip Op 01717)





CSC Holdings, LLC v Samsung Elecs. Am., Inc.


2021 NY Slip Op 01717


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 655424/18 Appeal No. 13409 Case No. 2020-04154 

[*1]CSC Holdings, LLC, Plaintiff-Respondent,
v
Samsung Electronics America, Inc., Defendant-Appellant.


Arnold & Porter Kaye Scholer LLP, New York (James M. Catterson of counsel), for appellant.
Gibson, Dunn & Crutcher LLP, New York (Richard W. Mark of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.) entered on or about September 8, 2020, which, to the extent appealed as limited by the briefs, denied defendant's pre-answer CPLR 3211(a)(7) motion to dismiss the claim for breach of contract, unanimously affirmed, with costs.
Under CPLR 3211(a)(7), pleadings are to be afforded a liberal construction, allegations are taken as true, the plaintiff is afforded every possible favorable inference, and a determination is made only as to whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Viewed through this prism, the complaint and attached documents state a cause of action for breach of contract, based upon its allegations of defendant's failure to comply with the provisions of the parties' master sales agreement requiring it to indemnify plaintiff against claims of patent infringement, and to procure and make royalty payments for all intellectual property rights associated with the supplied products. The scope of defendant's license procurement and indemnification obligation under the master sales agreement is subject to differing interpretations and cannot be resolved on a pre-answer motion to dismiss. The court's role is not to determine whether the plaintiff will ultimately be successful on the claim (see Morgan Stanley Mtge. Loan Trust 2006-13ARX v Morgan Stanley Mtge. Capital Holdings LLC, 143 AD3d 1, 7 [1st Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021