Thompson v Peters (2021 NY Slip Op 04832)





Thompson v Peters


2021 NY Slip Op 04832


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


483 CA 20-00777

[*1]COREEN N. THOMPSON, INDIVIDUALLY AND C.T.A. OF THE ESTATE OF DAVID C. PETERS, DECEASED, THE ESTATE OF DAVID C. PETERS, AND KRISTEN PETERS, PLAINTIFFS-RESPONDENTS,
v
THOMAS PETERS, ET AL., DEFENDANTS, AND BANK OF AMERICA CORPORATION, DEFENDANT-APPELLANT. 






HARRIS BEACH PLLC, PITTSFORD (PHILIP G. SPELLANE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAW OFFICES OF JOHN P. BARTOLOMEI & ASSOCIATES, NIAGARA FALLS (MATTHEW J. BIRD OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Henry J. Nowak, J.), entered May 21, 2020. The order and judgment, among other things, denied in part the motion of defendant Bank of America Corporation to dismiss the complaint against it. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover funds fraudulently transferred from the business bank accounts of David C. Peters (decedent), which were maintained at a branch of defendant Bank of America Corporation (Bank), into a new account opened by defendant Thomas Peters (Thomas) at the Bank. The Bank refused plaintiffs' demand to repay the funds to decedent's accounts. Supreme Court, inter alia, denied in part the motion to dismiss the first cause of action, for breach of contract, insofar as asserted against the Bank. We affirm.
Applying the appropriate standards on a motion to dismiss (see Myers v Schneiderman, 30 NY3d 1, 11 [2017], rearg denied 30 NY3d 1009 [2017]; Davis v South Nassau Communities Hosp., 26 NY3d 563, 572 [2015]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that, contrary to the contention of the Bank, the first cause of action states a valid claim for breach of implied contract against the Bank. It is well settled that "the relation between a bank and its depositors is that of debtor and creditor[, and the bank] . . . is bound by an implied contract to repay the deposit on the depositor's demand or order" (Gibraltar Realty Corp. v Mount Vernon Trust Co., 276 NY 353, 356 [1938]; see Stella Flour & Feed Corp. v National City Bank of N.Y., 285 App Div 182, 184 [1st Dept 1954], affd 308 NY 1023 [1955]; see also Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d 153, 164 [1989]). Given our conclusion, we necessarily reject the Bank's related contention that the first cause of action should be dismissed as a matter of law because plaintiffs have failed to specify any contractual term breached by the Bank. The very purpose of a theory of liability based on implied contract is to afford an aggrieved party an equitable remedy where the parties have not established the existence of a legal remedy based on a valid and enforceable written contract governing their dispute (see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]).
We reject the Bank's further contention that plaintiffs have failed to plead the first cause [*2]of action with the particularity required by CPLR 3013. Plaintiffs identified the affected accounts of decedent, provided an estimate of losses from those accounts based on financial records and bank statements, submitted the allegedly fraudulent business certificate that Thomas used to open his new account at the Bank within days of decedent's death, submitted the bank records of Thomas's new account from September 2011 through March 2012, and asserted that "[t]he overall fraudulent scheme continue[d]" to the day of the complaint, dated November 21, 2018. In our view, the complaint and its exhibits are sufficient to give the Bank "notice of the transactions, occurrences, or series of transactions or occurrences" that plaintiffs intend to prove (CPLR 3013).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court