T.I.D. v Ortiz (2023 NY Slip Op 02072)

T.I.D. v Ortiz

2023 NY Slip Op 02072

Decided on April 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 20, 2023

Before: Oing, J.P., González, Shulman, Higgitt, JJ. 

Index No. 24495/20E Appeal No. 76 Case No. 2022-04418 

[*1]T.I.D., etc., et al., Plaintiffs-Respondents,
v
Mayra Ortiz et al., Defendants-Appellants, Hilda T. Barreiro Zambrano, Defendant.

Law Office of Gregory P. Mouton, Jr., LLC, New York (Gregory Paul Mouton, Jr. of counsel), for appellants.
Pulvers, Pulvers & Thompson, LLP, New York (Shachar Hadar of counsel), for respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about April 5, 2022, which denied defendants-appellants' motion to dismiss the third, fourth, fifth, sixth, seventh, eighth and tenth causes of action, and the portion of the ninth cause of action sounding in personal, emotional, and economic injuries to plaintiff Rachael Wejuli, as against them, unanimously modified, on the law, to grant the motion as to the ninth cause of action to the extent it seeks damages beyond those for Wejuli's loss of consortium and for infant plaintiffs' medical expenses and the tenth cause of action, and otherwise affirmed, without costs.
Contrary to plaintiffs' contention, defendants-appellants were permitted to seek dismissal of the fifth, sixth, and seventh causes of action, even though they assert direct claims against only Zambrana, because they serve as predicates for the eighth cause of action alleging vicarious liability.
The court properly declined to dismiss the third through eighth causes of action sounding in negligent hiring, negligence, and negligent and intentional infliction of emotional distress, and seeking to hold defendants-appellants liable under the theory of respondeat superior. The allegations in the complaint, as amplified in the bill of particulars, are that infant plaintiff T.I.D. sustained a fractured right arm, and infant plaintiff T.A.D. suffered injuries from being placed in a zone of danger, while in the care of defendant Hilda T. Barreiro Zambrano at the daycare facility owned and operated by defendants-appellants. Accepting these allegations as true and according plaintiffs the benefit of every possible favorable inference, they sufficiently stated causes of action against defendants-appellants (see Sassi v Mobile Life Support Servs., Inc, 37 NY3d 236, 239 [2021]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
The court should have dismissed the portion of the ninth cause of action to the extent it seeks damages beyond R.W's loss of consortium and her sons' medical expenses. R.W. is not entitled to damages resulting from her emotional distress absent allegations that she was in the zone of danger or that she witnessed the incident that caused her children's injuries (see Greene v Esplanade Venture Partnership, 36 NY3d
513, 516 [2021]). For the same reason, the tenth cause of action to recover for plaintiff
T. D.'s loss of employment should have also been dismissed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2023