**National Union Fire Ins. Co. of Pittsburgh, P.A. v American Pipe & Tank Lining Co., Inc.**

2024 NY Slip Op 30883(U)

March 18, 2024

Supreme Court, New York County

Docket Number: Index No. 654183/2022

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. LYLE E. FRANK</u>                    PART            **11M**

*Justice*

-----------------------------------------------------------------------------X

NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, P.A.,

Plaintiff,

- v -

AMERICAN PIPE & TANK LINING CO., INC.,

Defendant.

-----------------------------------------------------------------------------X

AMERICAN PIPE & TANK LINING CO., INC.

Plaintiff,

-against-

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654183/2022 |
| MOTION DATE | 10/17/2023, 12/04/2023 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595434/2023

The following e-filed documents, listed by NYSCEF document number (Motion 003) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 104, 106, 107, 119

were read on this motion to/for _____DISMISS_____.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 101, 102, 103, 105, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 120

were read on this motion to/for _____DISMISS_____.

This matter arises out of defendant/third-party plaintiff American Pipe & Tank Lining

Co., Inc.'s ("American Pipe") failure to notify its gap insurance carrier of a potential claim. As a

result, American Pipe's excess insurer, Plaintiff National Union Fire Insurance Company of

Pittsburgh, P.A. ("National Union") claims that it was caused to pay $1,210,751.24 more than

what it was obligated to pay under the excess insurance policy that it issued to American Pipe.

Third-party defendant/second third-party plaintiff, Insurance Office of America ("IOA"), commenced the second third-party action against second third-party defendants, ICA Risk Management Consultants ("ICA"), and Ryan Services Group, LLC (D/B/A RSG Insurance Services, LLC), Ryan Specialty, LLC (F/K/A Ryan Specialty Group, LLC), RSG Specialty, LLC (F/K/A R-T Specialty, LLC) (collectively "RT"), for contribution or common-law indemnification.

Second third-party defendants move separately, motions sequences 003 and 004, to dismiss the second third-party complaint pursuant to CPLR § 3211(a)(1)[1], and (7). For the reasons set forth below, both motions to dismiss are granted.

Standard of Review

When considering a motion to dismiss based upon CPLR § 3211(a)(7), the court must accept the alleged facts as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit into any cognizable legal theory. *Leon v Martinez*, 84 NY2d 83 [1994]. On a motion to dismiss the court "merely examines the adequacy of the pleadings", the court "accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff's claim." *Davis v Boeheim*, 24 NY3d 262, 268 [2014].

Discussion

IOA alleges, that ICA and RT were negligent in failing to notify American Pipe's insurers of potential claims. The second third-party complaint seeks indemnification and contribution from ICA and RT.

---

[1] Only ICA seeks dismissal pursuant to this provision.

Here, ICA and RT have established *prima facie* entitlement to dismissal of the second third-party complaint. First, ICA and RT have established that the complaint fails to allege a viable cause of action for common law indemnity. It is undisputed that the underlying action alleges IOA breached its contract with American Pipe in failing to timely notify its insurer, thus any finding of fault would be based on IOA's conduct or lack thereof, not based vicariously on the acts of another (*Bd. of Mgrs. of Olive Park Condominium v Maspeth Props., LLC*, 170 AD3d 645, 647 [2d Dept 2019]). Neither the second-third party complaint nor in opposition does IOA allege any legal or factual support to sustain its common-law indemnification cause of action. Thus, the cause of action for common law indemnification is dismissed.

As to the claim for contribution the second third-party defendants have established entitlement to dismissal of the claim, as the damages sought in the present action are purely economic and arise solely as the result of the various parties' contractual obligations. The Court of Appeals has held that contribution is not available for economic loss resulting solely from a breach of contract *Board of Education of Hudson City School District v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 24 [1987]. The Court is not persuaded by IOA's attempt to style the underlying action as a tort action based on the allegation that it negligently breached the contract.

As the Court finds the second third-party complaint fails to state a cause of action, the Court does not reach the issue of whether or not documentary evidence establishes a complete defense to the underlying action. Accordingly, it is hereby

ORDERED that the second third-party complaint is dismissed in its entirety; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

[* 3]

[* 4]

20240318133347LFRANK4B030?2B14F44D0FA94F1DE258C91806

_____3/18/2024_____
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654183/2022 Motion No. 003 004**

**Page 4 of 4**