Lee v Grimblat (2024 NY Slip Op 03539)

Lee v Grimblat

2024 NY Slip Op 03539

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, O'Neill Levy, JJ. 

Index No. 100047/23 Appeal No. 2561 Case No. 2023-03160 

[*1]Lea Lee nÉe Eleonore GroËn Nitzschke, Plaintiff-Appellant,
v
Elisabeth Royer Grimblat et al., Defendants-Respondents.

Lea Lee nÉe Eleonore GroËn Nitzschke, appellant pro se.
Krantz & Berman LLP, New York (Larry H. Krantz of counsel), for Elisabeth Royer Grimblat, Rose Louisa GroËn and Julie Renee GroËn, respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered June 5, 2023, which granted defendants Rose Louisa Groen, Julie Renee Groen (together, Groen defendants), and Elisabeth Royer Grimblat's motion to dismiss the complaint against them pursuant CPLR 3211(a)(1) and (8), unanimously affirmed, without costs.
Plaintiff alleges that her sisters, the Groen defendants, conspired with defendant Royer Grimblat to sell an Alexander Calder mobile (the Mobile) owned by their mother, Frederique Nitzschke-Groen, to defendants Edward Tyler Nahem and Edward Tyler Nahem Fine Art, without plaintiff's knowledge or authorization.
Supreme Court properly granted the Groen defendants' motion to dismiss for lack of personal jurisdiction. The sisters showed that they are French citizens and that neither of them engaged in any regular business or persistent conduct in New York that would bring their conduct within the ambit of CPLR 302(a)(3). The assertion of long-arm jurisdiction over them would not comport with due process, as there is no showing that the sisters "purposefully [availed themselves] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (Williams v Beemiller, Inc., 33 NY3d 523, 528 [2019] [internal quotation marks, citation, and alteration omitted]).
In support of their motion to dismiss pursuant to CPLR 3211(a)(1), defendants submitted documentary evidence to show that the Mobile was consigned for sale by Frederique and sold before Frederique's death on December 26, 2017. At that time, the record does not reflect that Frederique required authorization from anyone in order to sell her property during her lifetime. Specifically, they submitted evidence that in March 2015, Frederique consigned the Mobile to defendant Royer Grimblat for sale, and that, in November 2017, Royer Grimblat entered into an agreement to sell the Mobile to defendant Nahem, who wired partial payment to Royer Grimblat in December 2017, shortly before Frederique died. The document conveyed the agreement that Royer Grimblat could sell the mobile owned by Frederique "[f]or a price of (two million dollars minimum)." This document, together with the invoice for the Mobile dated November 20, 2017, the air waybill for the Mobile dated December 19, 2017, and a death certificate stating that Frederique died on December 26, 2017, the authenticity and accuracy of which plaintiff does not dispute, conclusively establish that the Mobile was consigned and sold before Frederique died (see Leon v Martinez, 84 NY2d 83, 88 [1994]).
In opposition, plaintiff does not fundamentally raise questions about the
authenticity or validity of the consignment or sale prior to Frederique's death.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024