Bistrian v Gibson (2024 NY Slip Op 04303)

Bistrian v Gibson

2024 NY Slip Op 04303

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-10616
 (Index No. 600975/22)

[*1]Peter D. Bistrian, appellant, 
v
Ralph Gibson, etc., defendant, NYCO Chemists III, Inc., doing business as White's Apothecary, respondent.

Nixon Peabody LLP, Melville, NY (Bryan F. Lewis of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated November 15, 2022. The order, insofar as appealed from, granted the motion of the defendant NYCO Chemists III, Inc., doing business as White's Apothecary, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant NYCO Chemists III, Inc., doing business as White's Apothecary, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it is denied.
The plaintiff commenced this action alleging, among other things, that the defendant NYCO Chemists III, Inc., doing business as White's Apothecary (hereinafter the pharmacy), negligently dispensed medication prescribed to him by the defendant Ralph Gibson, a physician. The pharmacy moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. In an order dated November 15, 2022, the Supreme Court granted the motion on the ground that the amended complaint failed to state a cause of action against the pharmacy (see CPLR 3211[a][7]). The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable theory" (Watts v City of New York, 186 AD3d 1577, 1578; see Leon v Martinez, 84 NY2d 83, 87-88).
"[W]hen a pharmacist has demonstrated that he or she did not undertake to exercise any independent professional judgment in filling and dispensing prescription medication, that pharmacist cannot be held liable for negligence in the absence of evidence that he or she failed to fill the prescription precisely as directed by the prescribing physician or that the prescription was so clearly contraindicated that ordinary prudence required the pharmacist to take additional measures before dispensing the medication" (Abrams v Bute, 138 AD3d 179, 194). Here, the amended [*2]complaint does not allege that the pharmacy exercised independent professional judgment or that it did not fill the prescriptions as directed by Gibson. Nevertheless, accepting the facts as alleged in the amended complaint as true, and according the plaintiff the benefit of every possible favorable inference, the amended complaint sufficiently alleges that the prescriptions were so clearly contraindicated that ordinary prudence required the pharmacy to take additional measures before dispensing the medication. Accordingly, the Supreme Court should have denied the pharmacy's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court