K.D. v City of New York (2025 NY Slip Op 00841)

K.D. v City of New York

2025 NY Slip Op 00841

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2022-09137
 (Index No. 520763/19)

[*1]K.D., etc., respondent, 
v
City of New York, appellant, et al., defendant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Hannah J. Sarokin of counsel), for appellant.
Levy Konigsberg LLP, New York, NY (Corey M. Stern, Melanie Daly, Kiersten Holms, and Zachary Roy of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for housing discrimination on the basis of age and familial status in violation of the New York State Human Rights Law and the New York City Human Rights Law, the defendant City of New York appeals from an order of Supreme Court, Kings County (Gina Abadi, J.), dated September 14, 2022. The order denied the motion of the defendant City of New York pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant City of New York pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it is granted.
The plaintiff, by his mother and natural guardian, commenced this action alleging, inter alia, that the defendant City of New York and the defendant New York City Housing Authority (hereinafter NYCHA) engaged in housing discrimination on the basis of age and familial status based upon NYCHA's failure to properly conduct lead paint inspections required by local and federal laws. The plaintiff further alleged that NYCHA had falsely certified that it was in compliance with those laws and that NYCHA and the City entered into a scheme in which NYCHA obtained a waiver of annual lead-paint inspection requirements based upon evidence of previous inspections. The plaintiff, seeking injunctive relief and damages, asserted, among other things, causes of action alleging that the City violated Executive Law § 296(5)(a) and Administrative Code of the City of New York § 8-107(5).
The City moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. In an order dated September 14, 2022, the Supreme Court denied the motion. The City appeals.
"On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (New York State Div. of Human Rights v Town of Oyster Bay, 177 AD3d 893, 894; see Leon v Martinez, 84 NY2d 83, 87-88).
Executive Law § 296(5)(a) "specifically set[s] forth the categories of actors which [*2]may be held liable for engaging in the unlawful discriminatory practices that are defined within the statute" (New York State Div. of Human Rights v Town of Oyster Bay, 177 AD3d at 894). Those actors include "the owner, lessee, sub-lessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation, constructed or to be constructed, or any agent or employee thereof" (Executive Law § 296[5][a]; see New York State Div. of Human Rights v Town of Oyster Bay, 177 AD3d at 895). Similarly, the New York City Human Rights Law includes, as actors that may be held liable for engaging in unlawful discriminatory practices, "the owner, lessor, lessee, sublessee, assignee, or managing agent of, or other person having the right to sell, rent or lease or approve the sale, rental or lease of a housing accommodation, constructed or to be constructed, or an interest therein, or any agent or employee thereof" (Administrative Code of the City of New York § 8-107[5][a]).
Here, inasmuch as the City is not within the categories of actors set forth in Executive Law § 296(5)(a) or Administrative Code § 8-107(5)(a), the Supreme Court should have granted the City's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
To the extent that the plaintiff argues that the City aided and abetted NYCHA in violation of Executive Law § 296(6), which provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so," or a similar provision of the New York City Human Rights Law, which provides that it "shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so" (Administrative Code § 8-107[6]), the plaintiff failed to plead any facts indicating that the City "actually participat[ed]" in violations of the New York State Human Rights Law or the New York City Human Rights Law so as to give rise to liability under the aiding and abetting provisions of those statutes (see Francis v Kings Park Manor, Inc., 992 F3d 67, 81).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., CHAMBERS, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court