Cypress Group Holdings, Inc. v Onex Corp. (2018 NY Slip Op 04848)





Cypress Group Holdings, Inc. v Onex Corp.


2018 NY Slip Op 04848


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


7020 653408/15

[*1]Cypress Group Holdings, Inc., Plaintiff-Respondent,
v
Onex Corporation et al., Defendants-Appellants.


Arnold & Porter Kaye Scholer LLP, New York (Aaron F. Miner of counsel), for appellants.
Fensterstock P.C., New York (Evan S. Fensterstock of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 3, 2017, which, insofar as appealed from, denied defendants' motion to dismiss the contract claim based on a software application and a related contract, unanimously modified, on the law, to grant the motion as to the software application, and otherwise affirmed, without costs.
Plaintiff purchased nonparty Cypress Insurance Group, Inc. and its subsidiaries (Cypress) from defendants pursuant to a Stock Purchase Agreement (SPA). In the SPA, defendant Onex Corporation undertook to provide plaintiff with a Closing Date Statement setting forth Cypress's adjusted book value as of the day before the closing, and plaintiff undertook to submit a Buyer's Objection within 90 days if it disagreed with the statement. If plaintiff and Onex could not resolve their dispute within 14 days, they would submit it to a Neutral Accounting Firm. Cypress also represented and warranted, inter alia, that a software application (the Application) that nonparty Systems Task Group International Ltd., d/b/a MajescoMastek (Majesco), had contracted to develop for it was "in adequate operating condition and repair."
After the SPA was entered into, but before the Closing Date, Cypress entered into the Third Addendum to Services Agreement (Third Addendum) with Majesco, which provided that Majesco would give Cypress a "services credit" every month for the balance of the term of the contract and that any outstanding balance owed by Majesco would be forfeited if the contracted was terminated early.
After receiving the Closing Date Statement, plaintiff submitted a Buyer's Objection arguing, in pertinent part, that the Application was worthless. The Neutral Accounting Firm to which the parties resorted when they were unable to resolve their dispute determined that "[u]nder GAAP [generally accepted accounting principles] and the Balance Sheet rules, the Application must be accounted for at fully amortized cost as of the Closing Date. Accordingly, . . . no change is required to [defendants'] most current calculation of Adjusted Book Value." On other issues, the Neutral Accounting Firm found for plaintiff. Subsequently, the parties agreed that payment by Onex to plaintiff of $1,559,258 would "be payment in full satisfaction of all claims raised in the Buyer's Objection" (the release).
Plaintiff alleges in its complaint, inter alia, that defendants breached the SPA by misrepresenting that the Application was in adequate operating condition and repair when it was defective and by executing the Third Addendum, which added to its contractual obligations, without its consent.
Insofar as the cause of action is based on the Application, it is barred by the release (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]; Herman v Melamed, 110 AD2d 575, 577 [1st Dept 1985], appeal withdrawn 65 NY2d 925 [1985]). The parties agreed that payment by Onex to plaintiff of $1,559,258 fully satisfied all claims raised in the Buyer's Objection. Accordingly, the breach of contract claim based on the Application should be dismissed.
Although the Third Addendum arises out of the same transaction as the Application, res [*2]judicata does not apply to the claim based on it, because that claim could not have been brought in the purchase price adjustment procedure (see e.g. Marinelli, 265 AD2d at 8). The SPA limited the "scope of the disputes to be resolved by the Neutral Accounting Firm . . . to whether the items in dispute that were included in the Buyer's Objection were prepared in accordance with this Agreement." The Third Addendum was not included in the Buyer's Objection.
Nor does the doctrine of collateral estoppel bar the claim based on the Third Addendum, because that claim was not decided in the purchase price adjustment procedure (see Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]). Although during that procedure plaintiff raised many of the same issues as in the case at bar, the only relevant issue that the Neutral Accounting Firm decided was that no change was required to the adjusted book value.
Defendants contend that the Third Addendum did not injure plaintiff because it did not extend the term of Cypress's Services Agreement with Majesco and, even if plaintiff has stopped using Majesco, it might be able to avoid paying an early termination fee. However, the documentary evidence does not establish as a matter of law that the Third Addendum did not
extend the term of the Services Agreement (see Leon v Martinez, 84 NY2d 83, 88 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK