Core v State Farm Mut. Auto. Ins. Co. (2020 NY Slip Op 51622(U))

[*1]

Core v State Farm Mut. Auto. Ins. Co.

2020 NY Slip Op 51622(U) [75 Misc 3d 144(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-618 K C

Flora Core, Appellant,
against
State Farm Mutual Automobile Insurance Company, Respondent.

Richard S. Gershman & Associates, P.C. (Richard S. Gershman of counsel), for appellant.
Nicolini, Paradise, Ferretti & Sabella, PLLC (Sandra J. Leporin of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered January 5, 2019. The order denied plaintiff's motion to dismiss
defendant's second, third and fourth affirmative defenses.

ORDERED that the order is affirmed, without costs.
In an action to recover uninsured motorist benefits pursuant to a contract of insurance issued
in Pennsylvania, plaintiff moved to dismiss the second, third and fourth affirmative defenses,
"which, in effect, all alleged that [this] action is barred on the ground that . . . plaintiff did not
sustain a serious injury within the meaning of Insurance Law § 5102 (d)" (Scotland v
Allstate Ins. Co.,35 AD3d 584, 584 [2006]). By order entered January 5, 2019, the Civil
Court denied the motion on the ground that plaintiff did not "provide complete motion papers to
the court."
The record provided to this court on appeal includes an original set of motion papers that are
date-stamped as having been filed with the Civil Court on September 26, 2018. The motion [*2]appears to be "complete" and the Civil Court did not identify what
was missing. In the interest of judicial economy, we review plaintiff's motion on the merits.
Plaintiff sued defendant under the uninsured motorist provision of the subject Pennsylvania
policy, and plaintiff correctly argues that New York's serious injury threshold of Insurance Law
§ 3420 (f) (1) does not apply (see Scotland,35 AD3d 584). However, Pennsylvania
law has its own serious injury requirement that applies in certain circumstances, and plaintiff has
not demonstrated, as a matter of law, that such circumstances are not present in this case (see
75 Pa Stat Ann §§ 1731, 1705 [d]). As pleadings should be liberally construed
(see Leon v Martinez, 84 NY2d 83 [1994]), the subject affirmative defenses should be
broadly construed to allege "that this action is barred because . . . plaintiff did not sustain a
serious injury" (Scotland, 35 AD3d at 584). Thus, plaintiff's motion to dismiss the
second, third and fourth affirmative defenses was properly denied, albeit on a ground other than
that relied upon by the Civil Court.
Accordingly, the order is affirmed. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020