Herson v Marzullo (2021 NY Slip Op 50651(U))

[*1]

Herson v Marzullo

2021 NY Slip Op 50651(U) [72 Misc 3d 132(A)]

Decided on July 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-393 K C

Kevin Herson, Respondent,
against
Tara Marzullo, Appellant. 

Gabor & Marotta, LLC (Jeannette Poyerd-Loiacono of counsel), for appellant.
Kevin Herson, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), dated October 11, 2019. The order, insofar as appealed from, denied defendant's
motion to dismiss the complaint.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and
defendant's motion to dismiss the complaint is granted.
The summons with endorsed complaint in this action states that plaintiff is seeking to
recover the principal sum of $25,000 for "breach of lease on June 1, 2018." After denying
liability and asserting affirmative defenses, defendant moved to dismiss the complaint pursuant
to CPLR 3211 (a) (1), (7), and (10). In her supporting affidavit, defendant stated that, after
plaintiff had commenced this action, she had requested, and plaintiff had supplied her with, a
copy of the lease upon which plaintiff premised his cause of action. The lease agreement plaintiff
provided, which defendant annexed to her moving papers, was between defendant's father, Mario
Dischiavi, as landlord, and plaintiff and Stacey Luckow as tenants. Defendant stated that her
father had died on June 7, 2018, at which time he retained title to the demised premises; that no
representative had been appointed for Dischiavi's estate; and that title to the premises remained in
Dischiavi's name. She argued in part that the complaint, which was for breach of lease, should be
dismissed against her because she had not been plaintiff's landlord. Plaintiff did not submit any
papers in opposition to defendant's motion. Following oral argument, the Civil Court denied
defendant's motion upon a finding that a question of fact [*2]existed as to the current ownership of the premises.
On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action,
we presume the facts in the complaint to be true, accord the plaintiff the benefit of every possible
favorable inference, and determine only whether the facts as alleged fit into any cognizable legal
theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Here, plaintiff alleges the
breach of a lease on June 1, 2018, and the lease plaintiff provided to defendant demonstrates that
Dischiavi, not defendant, was plaintiff's landlord. "Liability for breach of contract does not lie
absent proof of a contractual relationship or privity between the parties. One cannot be held liable
under a contract to which he or she is not a party" (Arroyo v Central Islip UFSD, 173
AD3d 814, 816 [2019] [internal quotation marks and citations omitted]). Since there was no
privity between the parties, the Civil Court should have granted defendant's motion to dismiss the
complaint.
We reach no other issue.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion to
dismiss the complaint is granted.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 2, 2021