Upfront Megatainment, Inc. v Thiam (2023 NY Slip Op 02087)

Upfront Megatainment, Inc. v Thiam

2023 NY Slip Op 02087

Decided on April 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2023

Before: Kapnick, J.P., Kern, Friedman, Gesmer, Pitt-Burke, JJ. 

Index No. 652156/21 Appeal No. 91 Case No. 2022-03211 

[*1]Upfront Megatainment, Inc., Formerly Known as Upfront Entertainment, Inc. et al., Plaintiffs-Appellants,
v
Aliune Thiam, Defendant-Respondent.

Mitchell Silberberg & Knupp LLP, New York (Jeffrey M. Movit of counsel), for appellants.
Shapiro Arato Bach LLP, New York (Cynthia S. Arato of counsel), for respondent.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered July 5, 2022, which granted defendant's motion to dismiss the second cause of action for breach of contract to the extent it sought payment of royalties for periods after March 11, 2019 and to dismiss the cause of action for a declaratory judgment, unanimously modified, on the law, to deny the motion insofar as it sought dismissal of the second cause of action, and otherwise affirmed, without costs.
The parties' dispute centers on the interpretation of a portion of their settlement agreement requiring defendant, a singer known as Akon, to pay royalties to plaintiffs for four "album cycles" while he was signed with Atlantic or any other "'major' record label" (the Second Payment Tranche). In plaintiffs' initial unverified complaint, they alleged that Akon breached the settlement agreement by failing to pay them the amounts due under the agreement and that, after March 2019, Akon remained obligated to pay them royalties as long as he had not completed four album cycles with a "'major' record label." The initial complaint went on to allege that "[u]pon information and belief, [Akon] has not signed any new recording agreement with a 'major' record label" and, again, upon information and belief, that Akon had instead "formed an independent record label, through which he [had] released new albums." Plaintiffs alleged that "[t]he term 'major' record labels" commonly refers to the three largest music multi-nationals, Warner Music Group (Warner), Sony Music Entertainment (Sony) and Universal Music Group (Universal) along with their affiliated labels and did not specifically refer to, or name, Akon's present record label, nonparty BMG Rights Management (BMG).
Akon moved to dismiss the initial complaint, which Supreme Court granted on the ground that there had been no breach of the settlement agreement because "[t]he contract makes clear that the revenue stream from the old body of work at issue would only continue during major record label album cycles, which did not happen here." Plaintiffs did not appeal from that order. Instead, plaintiffs filed an amended verified complaint in which they allege, in the second cause of action, that defendant signed with BMG, a "'major' record label," and therefore, defendant remains contractually obligated to pay plaintiffs the Second Payment Tranche under the settlement agreement.
The second cause of action for breach of contract should not have been dismissed. As an initial matter, the law of the case doctrine does not preclude the breach of contract claim asserted in the amended complaint. Although the motion court specifically held in its first dismissal order that the payments Akon was required to make would only continue while he was signed with a "'major' record label," which had "not happen[ed] here," it does not follow from this ruling that BMG was not a "'major' record label" as a matter of law. The first dismissal order was the result of [*2]a motion to dismiss and thus, the motion court was required to accept as true the plaintiffs' allegation in the initial complaint that Akon had not signed to a "'major' record label."
Plaintiff has now sufficiently pleaded that BMG is a major record label, which must be accepted as true for purposes of this motion to dismiss (Leon v Martinez, 84 NY2d 83, 87 [1994]). Further, defendant failed to submit any documentary evidence that conclusively refutes the allegation in the amended complaint that BMG is a "'major' record label" (CPLR 3211[a][1]; Leon, 84 NY2d at 87). The term "'major' record label," which is not defined in the settlement agreement, is ambiguous and its meaning cannot be resolved on a motion to dismiss (see CSC Holdings, LLC v Samsung Elecs. Am., Inc., 192 AD3d 556, 556 [1st Dept 2021]).
Even if the allegations in the amended complaint contradicted the allegations in the initial complaint, that would not be a basis for dismissal of the amended complaint as "the original allegations are simply informal judicial admissions, entitled to evidentiary weight but not dispositive" (Talking Capital LLC v Omanoff, 169 AD3d 423, 424-425 [1st Dept 2019]). We note that defendant has not challenged the propriety of plaintiffs' filing of an amended complaint after the dismissal of the original complaint.
However, Supreme Court correctly dismissed plaintiffs' claim for declaratory judgment as duplicative, as plaintiffs have an "adequate, alternative remedy in another form of action" — namely, the second cause of action for breach of contract (see Apple Records v Capitol Records, 137 AD2d 50, 54 [1st Dept 1988]). Resolution of the second cause of action will necessarily require determination of whether BMG is a "'major'
record label" — the same relief plaintiffs are seeking in their declaratory judgment cause of action. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2023