# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 48
Philippe E. Mulacek, et al.,
  Appellants,
   v.
ExxonMobil Corporation et al.,
  Respondents.

Jenny Kim, for appellants.
Andrew Ditchfield, for respondents.

MEMORANDUM:

The order of the Appellate Division should be affirmed, with costs.

Plaintiffs were shareholders of InterOil Corporation, a Canadian oil and gas company. Defendants acquired InterOil by paying its shareholders a fee per share and

agreeing to make a Contingent Resource Payment (CRP) based on an independent appraisal of the volume of resources in certain wells located in Papua New Guinea and calculated pursuant to a formula set forth in a CRP Agreement. Under that Agreement, InterOil's shareholders, such as plaintiffs, became "Holders" of receipts evincing their entitlement to a CRP. The Agreement denominates Holders of more than 25% of the receipts as "Required Holders" and empowers a "Holder Committee" to act as the Holders' agent in certain circumstances. The Agreement, in addition to providing for a determination of the volume of resources by an independent appraiser, sets forth covenants that defendants would, among other things, ensure that the volume of resources was determined consistent with the procedures set forth in a separate agreement. Section 8.05 provides that those covenants are "in favor of and for the benefit of the Holders." At the same time, Section 8.05 provides that the Holders have "no rights" under the Agreement except as "expressly set forth" therein. The sentence that immediately follows provides that

> "only the Required Holders or the Holder Committee (with Required Holder approval) will have the right, on behalf of all Holders, by virtue of or under any provision of this Agreement, to institute any action or proceeding . . . with respect to this Agreement, and no individual Holder or other group of Holders will be entitled to exercise such rights."

Plaintiffs commenced this action alleging that defendants breached the covenants, thereby devaluing the CRP. Defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1) and (3) on the ground that, under Section 8.05, only the Required Holders—which plaintiffs are not—and the Holder Committee have standing to commence an action to enforce the covenants. Plaintiffs countered that Section 8.05 is a "no-class-

action" clause that bars them only from commencing an action "on behalf of all Holders" but preserves their right to commence an action on their own behalf (*see* 216 AD3d 114, 117-118 [1st Dept 2023]). Supreme Court granted the motion and dismissed the complaint, and the Appellate Division affirmed (*see id.* at 123).

On a motion to dismiss based on documentary evidence pursuant to CPLR 3211 (a) (1), dismissal is warranted only if the documentary evidence conclusively establishes a defense as a matter of law (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). A motion to dismiss based on a written agreement that contains a material ambiguity must be denied because such an agreement does not conclusively establish the asserted defense as a matter of law (*see Upfront Megatainment, Inc. v Thiam*, 215 AD3d 576, 578 [1st Dept 2023]; *Slezak v Stewart's Shops Corp.*, 133 AD3d 1179, 1180 [3d Dept 2015]). Ambiguity exists if the agreement, "read as a whole, fails to disclose its purpose and the parties' intent . . ., or when specific language is 'susceptible of two reasonable interpretations' " (*Ellington v EMI Music, Inc.*, 24 NY3d 239, 244 [2014]). On the other hand, the agreement is unambiguous and should be enforced on its plain terms "if the language it uses has 'a definite and precise meaning, unattended by danger of misconception . . ., and concerning which there is no reasonable basis for a difference of opinion' " (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Quadrant Structured Prods. Co., Ltd. v Vertin*, 23 NY3d 549, 559-560 [2014]).

Contrary to plaintiffs' contention, Section 8.05 unambiguously bars them from commencing an action on their own behalf to enforce their third-party beneficiary rights under the Agreement. Section 8.05 negates any right of the Holders except as "expressly

set forth" therein, and it expressly sets forth the right of the Required Holders or the Holder Committee to commence certain types of actions or proceedings. Nothing in Section 8.05 expressly sets forth a right of the Holders to commence an action on their own behalf or otherwise. The Agreement thus "explicitly negates" any right of plaintiffs to commence an action on their own behalf to enforce the covenants (*Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786-787 [2006]). To the extent that any other provisions in the Agreement could be read to imply such a right, Section 8.05's restrictions on the right to sue prevail "[n]otwithstanding anything to the contrary in th[e] Agreement." Moreover, the final sentence of Section 8.05 establishes that enforcement of the covenants is "[s]ubject to" those restrictions.

The parties' remaining contentions are academic.

Order affirmed, with costs, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

Decided May 16, 2024