Adelson v Sharkey (2024 NY Slip Op 04443)

Adelson v Sharkey

2024 NY Slip Op 04443

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-09991
 (Index No. 36491/21)

[*1]Frank Samuel Adelson, appellant, 
v
Iris Adelson Sharkey, et al., respondents.

Law Office of Wayne A. Gavioli, P.C., Nanuet, NY, for appellant.

DECISION & ORDER
In an action, inter alia, to extinguish the life estate of the defendant Iris Adelson Sharkey in certain real property, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated October 23, 2022. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court (Robert M. Berliner, J.) dated April 28, 2022, granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action.
ORDERED that the order dated October 23, 2022, is affirmed insofar as appealed from, without costs or disbursements.
In October 1995, the defendant Iris Adelson Sharkey executed a deed conveying title to certain real property that she owned to herself and her son, the plaintiff, as tenants in common. In December 2004, Sharkey executed a deed conveying her remaining interest in the property to the plaintiff, while reserving a life estate in the property.
In January 2022, the plaintiff commenced this action against Sharkey and his brother, Hugo B. Adelson, inter alia, to extinguish Sharkey's life estate on the grounds that Sharkey had ceased to reside at or pay taxes on the property. Thereafter, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated April 28, 2022, the Supreme Court granted the defendants' motion. The plaintiff subsequently moved for leave to reargue his opposition to the defendants' motion. In an order dated October 23, 2022, the court, inter alia, in effect, upon reargument, adhered to its prior determination granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action, which sought to extinguish Sharkey's life estate. The plaintiff appeals.
"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077; see Leon v Martinez, 84 NY2d 83, 88). Here, the Supreme Court properly determined that the defendants' submission of the deed dated December 15, 2004, conclusively established that Sharkey's life estate in the property was not subject to any conditions and therefore, Sharkey's alleged failure to reside at or pay taxes on the property did not render the life estate null and void as alleged in the complaint.
Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to the prior determination granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action.
CONNOLLY, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court