**Stafford v A&E Real Estate Holdings, LLC**

2025 NY Slip Op 30665(U)

February 26, 2025

Supreme Court, New York County

Docket Number: Index No. 655500/2016

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

JOHN STAFFORD, TIMOTHY HICKERNELL, JEFFREY NATT, DANIEL FEYKA, JULIAN JONES, DONALD G. HALL, THOMAS HUNTER, SEUN JAE OH, JANE KIM, DENISE STARAKIEWICZ, WOJTEK STARAKIEWICZ, RYAN KORELL, EMAN ASIRI, MOHAMMAD A. HAQUE, RYAN M. HALEY, MARISOL MARTINEZ, WINFIELD COOPER, MATTHEW SULLIVAN, ELISE CZAJKOWSKI, JOHN PETRALITO, ROYA BASSAM, MOLLY CROOG, SAM T. TANABE, JASON BAILEY, ALEXANDER RICHARDS, HAJERA DEHQANZADA, ALI ABIDI, DERIC MIZOKAMI, JOHN RIVERA, ALVIN REALUYO, FABIENNE FERREIRA, K.M.O. VERA, KRISTIN MYERS, JESSE NEIL, CRAIG NADEAU, ANNMARIE COLUCCI, ROSHEN CARMAN, ALVIN FERNANDEZ, MARGARET PLESS, JOSE CALVILLO, EMMANUELLA PAUL, JESUS RIOS, NINA CHIDICHIMO, NATALIE HIRSH, CRAIG CONNOLE, ALEXANDRIA KIRCHER, EARL BARRETT-HOLLAWAY, SANTA PENA, DONNA DEMPSEY, SERENA FORBES, SOPHIA GREER, RUXANDRA STANCU, LEAH O'REILLY MCKUNE, RASUEL MCKUNE, DAVID WARTH, MOHAMMAD UDDIN, ELI JAMES, RICHARD DURO, NICHOLAS NAVIGLIA, MONICA THORNE, VINCENT WALLGREN, EILEEN WALLGREN, JEANNINE FRUMESS, EVAN JACOBS, WILLIAM RIVERS, GRACE SIERRA RIVERS, DANIEL REYES, OSCAR VALENCIA,

Plaintiffs,

- v -

A&E REAL ESTATE HOLDINGS, LLC, A&E REAL ESTATE MANAGEMENT, LLC,

Defendants.

------------------------------------------------------------------------------X

| | | |
|---|---|---|
| **INDEX NO.** | | 655500/2016 |
| **MOTION DATE** | | 07/30/2024 |
| **MOTION SEQ. NO.** | | 009 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469,

655500/2016   STAFFORD, JOHN vs. A&E REAL ESTATE HOLDINGS, LLC
Motion No.  009

Page 1 of 9

1 of 9

470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526

were read on this motion for | CLASS CERTIFICATION | .

Plaintiffs move for an order certifying a CPLR 906 "issue class" limited to resolving the question "whether Defendants engaged in a methodical attempt to inflate rents" (NYSCEF 411 at 11). Assuming certification is granted, Plaintiffs also seek an order appointing certain Plaintiffs as class representatives, approving the proposed Class Notice, approving Newman Ferrara LLP as Class Counsel, and directing Defendants to provide class contact information.

For the reasons discussed below, Plaintiffs' motion for class certification is **denied**. Although Plaintiffs have creatively sought to create the appearance of a predominant common issue, the evidentiary record presented on this vigorously contested motion for class certification demonstrates that the purportedly common issue (that is, the existence of a "methodical attempt to inflate rents") is irrelevant to the prospective class members' claims for relief, which necessarily will require proof as to damages *and* liability on a claim-by-claim basis. In addition, because resolution of the purported common issue would not meaningfully (if at all) streamline the individual liability and damages determinations that would be required for *every member of the proposed class*, Plaintiffs have not established that a class action is superior to other methods of adjudication.

## BACKGROUND

The named individual Plaintiffs allege that Defendants evaded New York City's rent regulations by failing to properly register their rent-regulated apartments, using impermissible preferential rents, and deregulating (or increasing the legal regulated rent of) certain units based on underperformed and/or nonqualifying Individual Apartment Improvements ("IAIs"). They

**655500/2016   STAFFORD, JOHN vs. A&E REAL ESTATE HOLDINGS, LLC**
**Motion No. 009**

**Page 2 of 9**

2 of 9

[* 2]

sue individually and on behalf of a proposed class consisting of current and former tenants of approximately 585 apartments across 22 buildings currently owned by Defendant A&E Real Estate Holdings, LLC, which purchased the buildings from various prior owners between 2012 and 2015. The challenged rent increases and improvements occurred between 2003 and 2016, with some attributable to Defendants and others initially attributable to several prior owners and property management companies.

## LEGAL STANDARD

CPLR 901 provides that a case can be maintained as a class action if (1) the class is so numerous that jointer is impractical; (2) there are common issues of law or fact that predominate over questions affecting individual class members; (3) the claims of the representative parties are typical of the claims of the class; (4) the representatives will fairly and adequately protect the interests of the class; and (5) a class action is superior to other methods of adjudication. Courts commonly refer to these factors, respectively, as numerosity, predominance, adequacy of representation, and superiority. The Plaintiffs must demonstrate that these elements are satisfied with competent evidence in admissible form (*Ackerman v Price Waterhouse*, 252 AD2d 179 [1st Dept 1998]).

CPLR 906 provides, in part, that "[w]hen appropriate, … an action may be brought or maintained as a class action with respect to particular issues." In an "issue class" case, such as the one Plaintiffs propose here, CPLR 906 directs that "[t]he provisions of this article shall then be construed and applied accordingly." In that regard, Plaintiffs acknowledge that they must demonstrate the predominance of common issues of law or fact among prospective class members with respect to the issue for which they seek certification (NYSCEF 525 at 14). Plaintiffs are correct that they need not demonstrate that common issues of law or fact

**655500/2016   STAFFORD, JOHN vs. A&E REAL ESTATE HOLDINGS, LLC**
**Motion No.  009**

**Page 3 of 9**

[* 3]

predominate over individual issues with respect to the portions of the case as to which they do not seek class certification (*accord In re Nassau County Strip Search Cases*, 461 F3d 219, 227 [2d Cir 2006]).

In addition to the factors set forth in CPLR 901, the Court must also consider the following factors set forth in CPLR 902 in determining whether class certification is appropriate: (1) the interest of the class members in individually controlling the prosecution or defense of the separate actions; (2) the impracticability or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (4) the desirability or undesirability of concentrating the litigation of the claim in any particular forum; and (5) the difficulties likely to be encountered in the management of a class action.

## DISCUSSION

### I.      Predominance and Manageability

Because Article 9 of the CPLR shares much in common with its federal equivalent, Federal Rule of Civil Procedure 23, New York courts have found federal jurisprudence to be helpful in analyzing New York's class action provisions (*Friar v Vanguard Holding Corp.*, 78 AD2d 83, 96 [2d Dept 1980]).  On the predominance factor, the United States Supreme Court has held that the common issue "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke" (*Wal-Mart Stores, Inc. v Dukes*, 564 US 338, 350 [2011]).  The Court further observed that "[w]hat matters to class certification…is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the

**655500/2016   STAFFORD, JOHN vs. A&E REAL ESTATE HOLDINGS, LLC**
**Motion No.  009**

**Page 4 of 9**

[* 4]

litigation" (*id.* [citations omitted]). Here, as described below, the Court finds that the issue for which Plaintiffs seek CPLR 906 certification is irrelevant to the merits of any class member's claim (*see Packard v City of New York*, 2020 WL 1467127, at *2 [SD NY, Mar. 25, 2020, No. 15-CIV-7130 (AT/SDA)] [declining to certify issue class where doing so "would not meaningfully reduce the range of issues in dispute"]).

Plaintiffs propose that, following certification, they will seek a class-wide determination by the Court that "Defendants engaged in a methodical attempt to illegally inflate rents[,]" after which a referee will be appointed to conduct "individual damages proceedings" on an apartment-by-apartment basis (NYSCEF 411 at 10-11). Plaintiffs' proposed "damages" referee, however, would in fact be a *liability* referee as well. Even assuming Defendants are found to have engaged in a "methodical attempt to illegally inflate rents" across a number of their buildings, the referee still must determine whether *each* class member in fact has been overcharged (*i.e.*, liability) before determining damages. These liability issues include, as to each member of the class, whether the claimed IAIs qualify as improvements rather than mere repairs, whether qualifying IAIs were ever (or were fully) performed, whether certain tenants must demonstrate (and if so, whether they have demonstrated) [1] sufficient indicia of fraud to consider rental history beyond the four-year statutory period, and whether certain "Clarifying Legislation" (L. 2023 ch. 760 and L. 2024 ch. 95), as dubbed by Plaintiffs (NYSCEF 525 at 10), can be applied retroactively to

---

[1] Plaintiffs argue that certain class members' claims fall under two distinct exceptions to the four-year lookback period (often called the "Four Year Rule"), while others fall under two fact patterns recognized by appellate authorities as sufficiently indicative of fraud to overcome the Four Year Rule (NYSCEF 525 at 9-12; *see Fuentes v Kwik Realty LLC*, 186 AD3d 435 [1st Dept 2020] [noting that under pre-Housing Stability and Tenant Protection Act law, rent overcharge claims are generally subject to a four year limitations period, but that plaintiffs may look to older records where there is evidence of fraudulent behavior]).

**655500/2016   STAFFORD, JOHN vs. A&E REAL ESTATE HOLDINGS, LLC**
**Motion No.  009**

**Page 5 of 9**

[* 5]

obviate the four-year statutory period for apartments with preferential rents, among other topics. In these circumstances, certification of the proposed "issue class" would have negligible (of any) benefit in terms of efficiency and case management (*see In re Amla Litig*., 282 F Supp 3d 751, 765 [SD NY 2017] ["[C]ertification is not appropriate if, despite the presence of a common issue, certification would not make the case more manageable"] [internal citations and quotations omitted]; *Benner v Becton Dickinson & Co.*, 214 FRD 157, 170 [SD NY 2003] ["Where substantial individual actions…would still be necessary after the…[liability] issue class trial, this Court cannot find that issue certification materially advances the litigation"]).

Moreover, the need to convene a procedure in which hundreds or perhaps thousands of individualized determinations are to be made (purportedly by a referee)[2] regarding liability and damages is likely to create difficulties in case management, which further weighs against certification (CPLR 902 [5]).

## II. Superiority

Similarly, because Plaintiffs' proposed issue class achieves virtually nothing in the way of judicial economy, Plaintiffs have not demonstrated that a class action is a superior means to adjudicate the class members' claims (CPLR 901 [a] [5]). Plaintiffs envision a summary judgment-like process after class certification for the Court to "determine" whether Defendants engaged in a "methodical attempt to inflate rents" (NYSCEF 526 [Oral Argument Transcript] at 57:17-58:10). As discussed above, such a finding (even if made) would not advance or

---

[2] Plaintiffs make the optimistic assumption that the Court system has readily available referee resources to preside over this wave of individual proceedings in a timely and efficient manner. As a practical matter, there is a reasonable likelihood that the individual proceedings would have to be overseen by the Court itself, with the attendant impact on the management of the Court's docket.

**655500/2016   STAFFORD, JOHN vs. A&E REAL ESTATE HOLDINGS, LLC**                        **Page 6 of 9**
**Motion No.  009**

[* 6]

streamline *in any way* the necessarily individualized claims of each class member that would follow such a determination. Instead, the class procedure is being proposed effectively as a procedural conduit to justify the Court's oversight of hundreds of loosely connected individual claims under a single docket number (*id*. at 50:15-19). That is not what CPLR Article 9 envisions.

In sum, although there might be some efficiencies for Plaintiffs in having their claims against a common corporate defendant coordinated by a single law firm under a single docket number, as a practical matter the litigation would proceed as hundreds of individual cases. In those circumstances, a contrived "issue class" to decide an irrelevant issue, while leaving the determination of the merits to subsequent proceedings, is not a superior method for resolving Plaintiffs' individual claims (*cf Rosenfeld v A.H. Robins Co.*, 63 AD2d 11, 20 [2d Dept 1978] [affirming denial of issue class certification where certification would achieve little in the way of judicial economy "in view of the limited scope of issues which can be resolved on a classwide basis"]).

### III.    The Court of Appeals' decision in *Maddicks* is not to the contrary

Plaintiffs heavy reliance on *Maddicks v Big City Props., LLC* (34 NY3d 116 [2019]), which found the trial court's CPLR 3211 dismissal of class claims "based on allegations of a methodical attempt to illegally inflate rents" to be premature (*id.* at 123), is misplaced. The *Maddicks* Court began by emphasizing that "a motion to dismiss should not be equated to a motion for class certification" (*id.* at 119). It went on to note that "[t]he prudent course charted here, namely, viewing the allegations of the complaint through the [liberal construction] required by *Leon* [*v Martinez*] (84 NY2d 83 [1994]) and leaving the class allegations for evaluation at the

**655500/2016   STAFFORD, JOHN vs. A&E REAL ESTATE HOLDINGS, LLC**                                    **Page 7 of 9**
 **Motion No.  009**

[* 7]                                                   7 of 9

hearing stage envisioned by the legislature, leaves open the possibility that defendants will obtain the same result—termination of the class claims—at the appropriate time" (*id.* at 126).

In this case, the appropriate time has arrived. Although this Court denied Defendants' motion to dismiss Plaintiffs' class allegations at the pleading stage (NYSCEF 168 at 13-15, *affd* 188 AD3d 583, 584 [1st Dept 2020]), it has now evaluated the merits of class certification as envisioned by *Maddicks* based on a certification motion supported (on both sides) by a substantial volume of evidence. And unlike a motion to dismiss, in which the Defendant must establish conclusively that class certification is inappropriate as a matter of law, the burden on a motion for class certification is reversed. In the current setting, *Plaintiffs* bear the burden of affirmatively establishing the elements required for class certification, including predominance and superiority. They have not carried that burden.

The evidentiary record shows that the challenged conduct originated among four unrelated building owners and several unrelated property management companies over more than a decade, raising numerous building-specific and apartment-specific issues. Moreover, as noted above, the record indicates that individual determinations will be required as to liability and damages for each class member, with no efficiencies to be gained by resolving on a class-wide basis whether there was a "methodical" scheme to inflate rents. Thus, while Plaintiffs' allegations were sufficient to survive a motion to dismiss, the supporting evidence does not warrant granting a motion for class certification.[3]

---

[3] The Court is aware that on remand from the Court of Appeals decision in *Maddicks*, another judge of this Court granted plaintiffs' motion for class certification based on the factual record presented by the parties in that case (*Maddicks v 106-108 Convent BCR, LLC*, 2022 NY Slip Op 32752[U], 2 [Sup Ct, NY County 2022]). This Court's determination is based on the particular factual record developed in this case.

**655500/2016   STAFFORD, JOHN vs. A&E REAL ESTATE HOLDINGS, LLC**
**Motion No.  009**

**Page 8 of 9**

Similarly, *Charron v Pinnacle Group N.Y. LLC* (269 FRD 221 [SD NY 2010]), upon which Plaintiffs also rely, does not support class certification on these facts. The *Charron* plaintiffs were pursuing civil RICO claims against entities under common control, to which the existence of a common fraudulent scheme was deemed highly relevant (*id.* at 225-26). Contrary to the claims asserted here, the *Charron* court observed that "[t]his is, in short, a RICO class action…not a collection of landlord-tenant disputes that belong in Housing Court or before the DHCR" (*id.* at 234).

Accordingly, it is

**ORDERED** that Plaintiffs' motion for class certification is **denied**; and it is further

**ORDERED** that, within 14 days of this decision and order, the parties file a joint letter via NYSCEF proposing a schedule for next steps in the litigation with respect to the claims of the named Plaintiffs.

This constitutes the decision and order of the Court.

| | | |
|---|---|---|
| **2/26/2025** | | **JOEL M. COHEN, J.S.C.** |
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**655500/2016   STAFFORD, JOHN vs. A&E REAL ESTATE HOLDINGS, LLC**
**Motion No.  009**

**Page 9 of 9**

9 of 9

[* 9]