McWashington v Hyatt Corp. (2025 NY Slip Op 00050)

McWashington v Hyatt Corp.

2025 NY Slip Op 00050

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 153070/23 Appeal No. 3415 Case No. 2024-00905 

[*1]McCoy McWashington, Plaintiff-Respondent,
v
Hyatt Corporation, Defendant, Agoda International USA LLC, Defendant-Appellant.

Cozen O'Connor, New York (Michael DeRosa of counsel), for appellant.
McDonald Worley, PC, New York (McDonald S. Worley of counsel), for respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered February 6, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Agoda International USA LLC to dismiss the complaint as against it or, in the alternative, to compel arbitration, to the extent of granting so much of the motion as sought to compel arbitration and sub silentio denying so much of the motion as sought to dismiss the complaint, and granted plaintiff's motion to stay all proceedings pending arbitration, unanimously reversed, on the law, without costs, plaintiff's motion denied, Agoda's motion granted to the extent it sought to dismiss the complaint as against it, and so much of Agoda's motion as sought to compel arbitration denied as academic. The Clerk is directed to enter judgment accordingly.
Plaintiff booked a stay at a resort owned by defendant Hyatt Corporation through a website operated by Agoda. Neither party disputes that in the course of booking his reservation at the Hyatt resort, plaintiff agreed to Agoda's terms of use, which contain a limitation of liability clause and an arbitration clause. While staying at the resort, plaintiff slipped and fell in the shower of his hotel room. Plaintiff then commenced this action seeking to recover damages for personal injuries. Agoda moved to dismiss based on the limitation of liability clause in the terms of use, or, in the alternative, to compel arbitration. Plaintiff then moved to stay the action pending arbitration.
A "party cannot be compelled to submit to arbitration unless the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the particular dispute" (Gerling Global Reins. Corp. v Home Ins. Co., 302 AD2d 118, 123 [1st Dept 2002], lv denied 99 NY2d 511 [2003]). Where arbitration provisions do not clearly and unequivocally provide that questions about the scope of the arbitration provisions are for the arbitration panel to determine, the threshold question whether the dispute is encompassed within an agreement to arbitrate is for the courts (CPLR 7503[b]; Alam v Ahmad, 190 AD3d 471, 472 [1st Dept 2021]; Howsam v Dean Witter Reynolds, Inc., 537 US 79, 83 [2002]).
The arbitration clause in the terms of use covers "all disputes or claims arising out of or relating to your relationship with Agoda." The terms of use also define Agoda's role as providing a platform for individuals to browse information about accommodations and make reservations at accommodations. Furthermore, the terms of use make clear that "Agoda does not in any way . . . own, manage, operate or control" the accommodations and that Agoda will not be liable in damages for any "(PERSONAL) INJURY . . ., OR OTHER DAMAGES, ATTRIBUTABLE TO THE ACCOMMODATION." Because plaintiff's claim is one to recover damages for a personal injury caused by the resort's negligence, it does not arise from or relate to the relationship between plaintiff and Agoda, which was limited to plaintiff's [*2]booking a reservation at the resort, and therefore is not arbitrable (see Gerling Global Reins. Corp., 302 AD2d at 123).
As for Agoda's motion to dismiss, the terms of use constitute documentary evidence under CPLR 3211(a)(1), and the limitation of liability clause in the terms of use definitively disposes of plaintiff's claim to recover damages from Agoda for personal injury caused by the resort's alleged negligence (see Leon v Martinez, 84 NY2d 83, 88 [1994]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025