Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co. PIP/BI Claims (2025 NY Slip Op 50376(U))

[*1]

Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co. PIP/BI Claims

2025 NY Slip Op 50376(U)

Decided on March 24, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2025
Civil Court of the City of New York, Kings County

Burke Physical Therapy, P.C. A/A/O RAMSEY, AKEEM, Plaintiff(s),

against
State Farm Mutual Automobile Insurance Company PIP/BI Claims, Defendant(s).

Index No. CV- 704992-20/KI

The Rybak Firm, PLLC, Brooklyn, for Plaintiff
McDonnell, Adels & Klestzick, PLLC, Garden City, for Defendant.

Sandra Elena Roper, J.

Upon the foregoing cited papers and after oral argument, Plaintiff's Motion to Dismiss Affirmative Defenses and Advanced Motion to Compel Discovery; and Defendant's Cross-Motion for Summary Judgment are Decided hereby as follows:
Defendant's Cross-Motion for Summary Judgment is GRANTED; and Plaintiff's Motions to Dismiss Affirmative Defenses and to Compel Discovery are DENIED as moot.
This Court finds that Defendant demonstrated Plaintiff failed to comply with the timely verification requests issued pursuant to 11 NYCRR §65-3.5(o) within 120 days, and that Plaintiff failed to demonstrate that it provided the requested verification or set forth a reasonable justification for its failure to comply with Defendant's verification requests, as required pursuant to 11 NYCRR §65-3.5(o). Defendant submitted admissible evidence that it had not received the requested documentary verification. In Plaintiff's first affirmation in opposition submitted, Doc. 10 on NYSCEF, the affidavit of Plaintiff's owner merely states he mailed the requested verification on 5/16/19 to the address designated by the Defendant on the verification requests "to the extent such response was proper and, in [his] possession," and without any corroborating documentary proof of compliance with the verification requests. Rendering, the affidavit insufficient to meet its burden (see NYSCEF Doc. 20 paragraph 6). This language has been found by Appellate Term 2nd Department to be "insufficient to raise a triable issue of fact." In paragraph 8 of that same affidavit, Plaintiff attests that he "responded to and mailed all requested documentation that was "proper and which Plaintiff had access to" (see Doc. 20 paragraph 8). Furthering the insufficiency of this affidavit to raise a triable issue of fact pursuant to the Appellate Term 2nd Department. Therefore, Plaintiff failed to demonstrate that it had provided responses to the requested verifications or alternatively, failed to set forth a reasonable justification for its failure to comply with Defendant's verification requests (see Burke Physical Therapy, P.C. v. State Farm Mut. Auto. Ins. Co., 75 Misc 3d 143 [A] [App. Term 2nd Dept. July 1, 2022]).
In Plaintiff's Amended Opposition filed fifteen (15) months after Defendant served its Reply [*2]affirmation, Doc. 27 on NYSCEF, the amended affidavit of Plaintiff's owner merely states that he mailed the requested verification responses on 5/16/19 to the address designated by Defendant on its verification requests. Yet, in paragraph 8 of that same affidavit, Plaintiff's affiant still qualifies his response in attesting that he "responded to and mailed all requested documentation that was 'proper and which Plaintiff had access to'", and yet still without corroborating documentary proof of compliance with the verification requests. Once again, rendering the amended affidavit insufficient to meet its burden (see Doc. 27 paragraph 8). And yet again, furthering the insufficiency of this amended affidavit to raise a triable issue of fact pursuant to the Appellate Term 2nd Department. Therefore again, Plaintiff failed to demonstrate that it had provided responses to the requested verifications or alternatively, failed to set forth a reasonable justification for its failure to comply with Defendant's verification requests (see Burke Physical Therapy, P.C. v. State Farm Mut. Auto. Ins. Co., 75 Misc 3d 143 [A] [App. Term 2nd Dept. July 1, 2022]; Burke Physical Therapy, P.C. v. State Farm Mut. Auto. Ins. Co., 77 Misc 3d 129 [A] [App. Term 2nd Dept. December 9, 2022]; Burke Physical Therapy, P.C. v. State Farm Mut. Auto. Ins. Co., 2023 NY Slip Op. 50794 [U] [App. Term 2nd Dept. July 21, 2023]).
Plaintiff submits 197 pages of correspondences from Plaintiff to Defendant objecting to the verification requests stating that State Farm was not entitled to the information requested and unilaterally determined the verification requests to be a nullity (see Doc. 37 of Plaintiff's Amended Opposition). This issue was specifically addressed in a recent Appellate Term 2nd decision dated February 14, 2025. In Burke Physical Therapy, P.C. v. State Farm Mut. Auto. Ins. Co., 2025 NY Slip Op 50195(U) (App. Term 2nd Dept.), The Court held, "Contrary to plaintiff's further contention, it was not improper for defendant to seek, during the claim verification stage, information - such as management agreements, W-2 forms, business-related bank records and lease agreements — for the purpose of determining whether plaintiff was ineligible to collect no-fault benefits due to a failure to meet licensing requirements (see 11 NYCRR 65-3.16[2] [12]; State Farm Mut. Aut. Ins. Co. v. Mallela, 4NY3d 313, 827 NE2d 758, 794 NYS 2d 700 [2005])." Moreover, the Court further held, "[a]s plaintiff objected to the verification requests claiming they were nullities, the record establishes that plaintiff did not "provide within 120 calendar days from the date of the initial request either all such verification under [plaintiff's] control or possession or written proof providing reasonable justification for the failure to comply' (11 NYCRR 65-3.5 [o]). Consequently, the arguments raised on appeal lack merit" (id. at [*3] [*4], 2025 NY Slip Op 50195 [U] [App. Term 2nd]).
Further, This Court rejects Plaintiff's alternative argument that the voluminous correspondences of objections rendering Defendant's verification requests as nullities, nevertheless sets forth a reasonable justification for its failure to respond thereby establishing a triable issue of fact (see Burke Physical Therapy, P.C. v. State Farm Mut. Auto. Ins. Co., 2025 NY Slip Op 50195 [U] [App Term 2nd Feb. 14, 2025]; City Care Acupuncture, P.C. & Jamaica Wellness Med., P.C., a/a/o Sergheiciuc v. Allstate Prop. & Cas. Ins. Co., No. 2015-1846 Q C, 2017 WL 6543604, at *[1] [App. Term, 2d, 11th, & 13th Jud. Dists. 2017]; Remedy Chiropractic, P.C. v Nationwide Ins. 2022 NY Slip Op 50935 [U] [App. Term 2nd Dept September 23, 2022]). Defendant has met its burden for summary judgment as a matter of law. Plaintiff fails to establish a scintilla of a triable issue of fact in rebuttal upon the shifting of the burden.JL.
Therefore, Plaintiff's Complaint is hereby DISMISSED with PREJUDICE.
This Constitutes the Decision and Order of The Court.
Date: March 24, 2025
Brooklyn, New York
Hon. Sandra Elena Roper, JCC