| |
|---|
| **Burke 2 Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co. PIP/BI Claims** |
| 2025 NY Slip Op 34054(U) |
| October 29, 2025 |
| Civil Court of the City of New York, Kings County |
| Docket Number: Index No. CV-735105-19/KI |
| Judge: Javier Ortiz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS    PART 41

Index No. CV-735105-19/KI

_____

BURKE 2 PHYSICAL THERAPY, P.C.
A/A/O Vega-Bou, Joshua,

4/23/25 NFA Cal. #38-39 Mtn. Seq. #1-2

**DECISION AND ORDER**

                        Plaintiff,

              -against-

Recitation, as required by CPLR §2219(a), of the
papers considered in review of these Motions:

STATE FARM MUTUAL AUTOMOBILE INS.
CO. PIP/BI CLAIMS,

**Papers**
P's Motion & Supporting Documents....11, 15-19

                        Defendant.

D's Cross-Motion & Supporting Documents......8-9, 46-52
P's 5/11/21 Affirmation in Opposition & Exs......13, 20-28
D's 5/19/21 Affirmation in Reply & Exhibits......10, 53-55
P's 8/9/22 Amended Opposition & Exhibits.........2-3, 29-45
D's 8/24/22 Aff in Reply to Amended Papers & Exs...7, 56-65

_____

Upon the foregoing cited papers and after oral argument, Plaintiff's Motion to Dismiss Affirmative Defenses and Defendant's Motion to Dismiss are decided as follows:

Both motions are DENIED. The Court nonetheless finds that Defendant established that it timely mailed verification requests to Plaintiff and issued timely denials. (*See* NYSCEF Nos. 46-48.)

The Court first notes that it disagrees with Plaintiff's arguments that Defendant's verification requests here were improper. In *Burke 2 Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co.*, 85 Misc3d 130(A), 2025 NY Slip Op 50195(U) (App Term, 2d Dept 2025), the Appellate Term held:

Contrary to plaintiff's [] contention, it was not improper for defendant to seek, during the claim verification stage, information—such as management agreements, W-2 forms, business-related bank records and lease agreements—for the purpose of determining whether plaintiff was ineligible to collect no-fault benefits due to a failure to meet licensing requirements (*see* 11 NYCRR 65-3.16 [2] [12]; *State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 827 N.E.2d 758, 794 N.Y.S.2d 700 [2005]. Indeed, if, as plaintiff contends, insurance companies should only be able to obtain such information using discovery demands after litigation has ensued, insurance companies would be confronted with a dilemma—to pay the claims for which the plaintiff may not be eligible to receive reimbursement and then commence a suit to recoup such payment (*see State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d at 322), or refrain from paying and wait until after plaintiff commences litigation to investigate via discovery whether plaintiff is eligible for reimbursement, which risks the insurance company being held liable for years of interest that would have accrued upon the claims in the interim at the rate of two percent per month (*see* 11 NYCRR 65-3.9 [a]), plus attorney's fees (*see* 11 NYCRR 65-4.6).

*Burke*, 2025 NY Slip Op 50195(U), at *3-4.

1

[* 1]

In its Amended Opposition,[1] Plaintiff has included the Affidavit of its owner John A. Nasrinpay, P.T., which states that Mr. Nasrinpay "personally responded [to] and mailed on 03/20/2019 and 04/30/2019 the verification response in issue in this case to the address designated by defendant on the verification requests." (NYSCEF No. 30 at 2 ¶ 5.) However, Defendant's Claims Specialist Lori Madigan responds that no verification requests were ever received by Defendant from Plaintiff. (*See* NYSCEF No. 9 at p.51 ¶¶16-17.)[2] Accordingly, the Court finds that there is an issue of fact for the factfinder to resolve.

The Court notes that a recent decision of The Honorable Sandra Elena Roper found that Plaintiff's owner's affidavit in that case was insufficient to establish that he had mailed the requested verification because, in that case, he caveated that the verification was mailed "to the extent such response was proper and, in [his] possession" and that he "responded to and mailed all requested documentation that was proper and which Plaintiff had access to." (*Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co. PIP/BI Claims*, 85 Misc3d 1238(A), 2025 NY Slip Op 50376(U) [Civ. Ct., Kings County Mar. 24, 2025].) However, no such language appears in the affidavit at issue before the Court. (*See* NYSCEF No. 30.)

The Appellate Term had similarly found Plaintiff's owner's affidavit insufficient where he "stated that he had mailed the requested verification 'to the extent such response was proper and in [his] possession.'" (*Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co.*, 75 Misc3d 143(A), 2022 NY Slip Op 50623(U) [App Term, 2d Dept 2022].) Again, this language does not appear in the affidavit before the court. Defendant provides a copy of the affidavit in that other action to the Court here, and a cursory review confirms that the language that the Appellate Term found problematic in that affidavit does not appear in the affidavit currently before the Court. (*Compare* NYSCEF No. 30 [Nasrinpay 8/3/22 affidavit submitted here] *with* NYSCEF No. 60 [3/28/21 Nasrinpay affidavit submitted for a different assignor in the *Burke* action before the Appellate Term].)

Based on these key differences between the affidavits, the Court does not have sufficient evidence before it to find that the affidavit is "feigned," as Defendant would have the Court find.

Accordingly, there is an issue of fact for the factfinder to resolve as to whether verification remains outstanding. The case shall proceed to trial on this issue only.

This constitutes the Decision and Order of the Court.

Date:   October 29, 2025
        Brooklyn, New York

ENETERED - Kings Civil Court
10/30/2025, 10:29:51 AM

Hon. Javier Ortiz
Kings County Civil Court

---

[1] In the same case cited above involving these same parties, the Appellate Term indicated that plaintiff's amended affirmation in opposition could properly be considered by the court and that "plaintiff's amended papers were not unauthorized sur-reply papers (*see* CPLR 2214 [c])." *Burke*, 2025 NY Slip Op 50195(U), at *2.

[2] The Court notes that Plaintiff attached 197 pages of correspondence pertaining to related verification requests. (NYSCEF No. 12.) However, this correspondence does not directly reference the assignor before the Court here and therefore the Court will not consider it.