Capital One Bank, N.A. v Wisdom (2025 NY Slip Op 51831(U))

[*1]

Capital One Bank, N.A. v Wisdom

2025 NY Slip Op 51831(U)

Decided on November 7, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., WAVNY TOUSSAINT, MARINA CORA MUNDY, JJ

2024-1038 Q C

Capital One Bank, N.A., Respondent, 
against
Imani A. Wisdom, Appellant. 

Imani A. Wisdom, appellant pro se.
Selip & Stylianou, LLP (Arslan Akhtar of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Sandra Perez, J.), dated August 30, 2024. The order denied defendant's motion to dismiss the complaint pursuant to, in effect, CPLR 3211 (a) (7).

ORDERED that the order is affirmed, without costs.
In this action, plaintiff seeks to recover damages for breach of a credit card agreement. The complaint alleges that defendant entered into a revolving credit account agreement with plaintiff and failed to make required payments. Attached to the complaint is a statement of the amount owed. Defendant moved to dismiss the complaint pursuant to CPLR 3211, arguing that the complaint did not state a cause of action. In an order dated August 30, 2024, the Civil Court (Sandra Perez, J.) denied the motion.
On a CPLR 3211 (a) (7) motion to dismiss, the court will "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Whether a plaintiff can ultimately establish the allegations contained in the complaint is not part of the calculus in determining such a motion (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
The factual allegations set forth in the complaint, along with its attachments, properly assert a cause of action for breach of a credit card agreement based upon defendant's alleged default in paying a credit card bill.
Accordingly, the order is affirmed.
OTTLEY, J.P., TOUSSAINT and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 7, 2025